**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA *ex.rel.*<br>ELIN BAKLID-KUNZ<br><br>　　　Relator<br><br>　　　vs.<br><br>HALIFAX HOSPITAL MEDICAL CENTER<br>d/b/a HALIFAX HEALTH a/k/a HALIFAX<br>COMMUNITY HEALTH SYSTEM a/k/a<br>HALIFAX MEDICAL CENTER and<br>HALIFAX STAFFING, INC.<br><br>　　　Defendants | )<br>)<br>)<br>)<br>)<br>)　CASE NO.: 6-09-CV-1002<br>)<br>)<br>)<br>)　[FALSE CLAIMS ACT – QUI TAM]<br>)<br>)<br>)<br>)<br>)<br>) |

**DEFENDANTS HALIFAX HOSPITAL MEDICAL CENTER
AND HALIFAX STAFFING, INC.
ANSWER TO RELATOR'S SECOND AMENDED COMPLAINT**

　　　Defendants Halifax Hospital Medical Center and Halifax Staffing, Inc.
(collectively, "Halifax"), by and through its attorneys, as its Answer to Relator's Second
Amended Complaint ("Complaint"), states that:

**I.　　JURISDICTION AND VENUE**

　　　1.　　Halifax admits that courts generally have jurisdiction over *qui tam* actions
pursuant to 28 U.S.C. § 1331 and 31 U.S.C. § 3732(a) and 3730(b), but denies that the
Complaint states a valid claim upon which relief may be granted.  Halifax also denies that
Relator is an "original source" of the information upon which the Complaint is
predicated, as required by 31 U.S.C. § 3729-33.

2.      Halifax admits that venue is proper based on the allegations set forth in the Complaint, but denies that the Complaint states a valid claim upon which relief may be granted. Halifax also denies the allegations in the second sentence of paragraph 2 of the Complaint that "acts proscribed by 31 U.S.C. § 3729 have been committed" by Halifax.

3.      Halifax is without knowledge and information sufficient to form a belief as to the truth of the allegations in the fourth sentence of paragraph 3 of the Complaint and therefore denies the same.

### THE PARTIES

4.      Halifax admits that Plaintiff Elin Baklid-Kunz will be referred to as "Relator" but is without knowledge and information sufficient to form a belief as to the truth of the remainder of the allegations in paragraph 4 of the Complaint and therefore denies the same.

5.      Halifax admits the allegations in the first five sentences of paragraph 5 of the Complaint to the extent that Halifax is (a) a special taxing district that owns and operates the region's largest with tertiary and community hospital in Daytona Beach, Florida, a 944-bed facility with over 500 physicians on staff; (b) operates medical facilities in New Smyrna Beach and Medical Center of Port Orange; and (c) is a governmental entity create by Florida statute as a special tax district. Halifax denies the allegations in the sixth and seventh sentences alleging that Halifax is "neither a state agency or 'arm of the state'" and is "not entitled to any Eleventh Amendment Immunity under the Federal False Claims Act."

6.      Halifax admits the allegations in paragraph 6 of the Complaint.

7.      Halifax admits the allegations in the first sentence of paragraph 7 of the Complaint, but denies the allegations in the second sentence of paragraph 7 of the Complaint characterizing the relationship between Halifax Hospital and Halifax Staffing as "close and orchestrated" and "illegal."

8.      Halifax admits the allegations in the first four sentences of paragraph 8 of the Complaint to the extent that Relator is currently employed by Halifax and has been employed by Halifax for the past 15 years in various positions; teaches physician billing at a local college; and has previously spoken at national seminars on health care issues. Halifax denies the allegations in the fifth and sixth sentences of paragraph 8 of the Complaint alleging that "[t]he allegations made in this Complaint are based on Relator's personal knowledge, obtained in her capacity as an employee of Defendant HALIFAX STAFFING, INC." and that "Relator has specific inside knowledge of the [alleged] frauds set forth hereafter."

## II.    STATUTORY BACKGROUND OF GOVERNMENTAL HEALTH PROGRAMS

### A.      The Medicare Program – Title XVIII of Social Security Act – 42 U.S.C.A. §§ 1395-95cc

9.      Halifax admits the allegations in the first three sentences of paragraph 9 of the Complaint, to the extent that the Medicare Program was enacted in 1965 to provide health care services to certain persons authorizes payment for institutional care.   Halifax is without knowledge and information sufficient to form a belief as to the truth of the allegation that "most hospitals . . . derive a substantial portion of their revenue from the

Medicare program" in the fourth sentence of paragraph 9 of the Complaint and therefore denies the same.

10.     Halifax admits the allegations in paragraph 10 of the Complaint.

11.     Halifax admits the allegations in paragraph 11 of the Complaint.

12.     Halifax admits the allegations in paragraph 12 of the Complaint.

13.     Halifax admits the allegations in paragraph 13 of the Complaint.

14.     Halifax is without knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 14 of the Complaint and therefore denies the same.

15.     Halifax admits the allegations in paragraph 15 of the Complaint.

16.     Halifax admits the allegations in paragraph 16 of the Complaint.

17.     Halifax admits the allegations in paragraph 17 of the Complaint.

18.     Halifax denies the allegations in paragraph 18 of the Complaint.

19.     Halifax admits the allegations in paragraph 19 of the Complaint.

20.     Halifax admits the allegations in paragraph 20 of the Complaint.

21.     Halifax admits the allegations in paragraph 21 of the Complaint.

22.     Halifax admits the allegations in paragraph 22 of the Complaint.

23.     Halifax admits the allegations in paragraph 23 of the Complaint.

**B.     The Medicaid Program – 41 U.S.C.A. § 1396**

24.     Halifax admits the allegations in the first sentence of paragraph 24 of the Complaint, but is without knowledge and information sufficient to form a belief as to the

truth of the allegations in the second sentence of paragraph 24 of the Complaint and therefore denies the same.

25.     Halifax admits the allegations in the first two sentences of paragraph 25 of the Complaint as it relates to the state of Florida, but is without knowledge and information sufficient to form a belief as to the truth of the allegations in the third sentence of paragraph 25 of the Complaint and therefore denies the same.

26.     Halifax admits the allegations in paragraph 26 of the Complaint as it relates to the state of Florida, but is without knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 26 of the Complaint as it relates to other states and therefore denies the same.

27.     Halifax admits the allegations in paragraph 27 of the Complaint as it relates to the state of Florida, but is without knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 27 of the Complaint as it relates to other states and therefore denies the same.

28.     Halifax admits the allegations in paragraph 28 of the Complaint.

29.     Halifax is without knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 29 of the Complaint and therefore denies the same.

30.     Halifax denies the allegations in paragraph 30 of the Complaint.

**C.     The TRICARE/CHAMPUS Program – 10 U.S.C.A. §§ 1071-1106**

31.     Halifax admits the allegations in paragraph 31 of the Complaint.

32.     Halifax admits the allegations in paragraph 32 of the Complaint.

33.     Halifax admits the allegations in paragraph 33 of the Complaint.

34.     Halifax admits the allegations in paragraph 34 of the Complaint.

35.     Halifax admits the allegations in paragraph 35 of the Complaint.

36.     Halifax denies the allegations in paragraph 36 of the Complaint, except to the extent that Halifax submitted Requests for Reimbursement to TRICARE/CHAMPUS.

37.     Halifax denies the allegations in paragraph 37 of the Complaint.

38.     Halifax denies the allegations in paragraph 38 of the Complaint.

## III.   APPLICABLE FEDERAL AND STATE STATUTES

### A.   Federal False Claims Act

39.     Halifax admits the allegations in paragraph 39 of the Complaint to the extent that it provides a transcription of the False Claims Act, 31 U.S.C.A. § 3729.

### B.   The *Stark* Statute, 42 U.S.C. § 1395nn

40.     Halifax admits the allegations in paragraph 40 of the Complaint.

41.     Halifax denies the allegations in paragraph 41 of the Complaint.

42.     Halifax admits the allegations in paragraph 42 of the Complaint.

43.     Halifax admits the allegations in paragraph 43 of the Complaint.

44.     Halifax admits the allegations in paragraph 44 of the Complaint.

45.     Halifax is without knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 45 of the Complaint.

46.     Halifax is without knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 46 of the Complaint.

**C.**      **The Federal Anti-Kickback Statute, 42 U.S.C § 1320-7b(b)**

47.      Halifax admits the allegations in paragraph 47 of the Complaint to the extent that it summarizes the federal Anti-Kickback Statute ("AKS"), 42 U.S.C. § 1320a-7b(b)(1) and (2).

48.      Halifax admits the allegations in paragraph 48 of the Complaint to the extent that it summarizes the AKS, 42 U.S.C. § 1320a-7b(b)(1).

49.      Halifax admits the allegations in paragraph 49 of the Complaint to the extent that it summarizes the AKS, 42 U.S.C. § 1320a-7b(b)(1), but is without knowledge and information sufficient to form a belief as to the truth of the remaining allegations and citation to case law in paragraph 49 of the Complaint.

50.      Halifax admits the allegations in paragraph 50 of the Complaint to the extent that it summarizes the AKS, 42 U.S.C. § 1320a-7b(a)(1).

51.      Halifax is without knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 51 of the Complaint.

**D.**      **Applicable regulatory requirements which mandate that each admission meet medical necessity before submission of a claim to a government payor**

52.      Halifax admits the allegations in paragraph 52 of the Complaint.

53.      Halifax admits the allegations in paragraph 53 of the Complaint.

54.      Halifax admits the allegations in paragraph 54 of the Complaint.

55.      Halifax admits the allegations in paragraph 55 of the Complaint.

56.      Halifax denies the allegations in paragraph 56 of the Complaint.

57.      Halifax denies the allegations in paragraph 57 of the Complaint.

58.      Halifax denies the allegations in paragraph 58 of the Complaint.

59.      Halifax denies the allegations in paragraph 59 of the Complaint.

60.      Halifax is without knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 60 of the Complaint and therefore denies the same.

61.      Halifax is without knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 61 of the Complaint and therefore denies the same.

62.      Halifax denies the allegations in paragraph 62 of the Complaint.

## IV.    OVERVIEW OF FRAUDULENT ACTS AND OMISSIONS

63.      Halifax denies all of the allegations in paragraph 63 of the Complaint.

### A.    Specific fraudulent acts and omissions of defendants which violate the Federal False Claims Act

**1.      Defendant Halifax has [allegedly] unlawfully billed government payors for inpatient admissions which do not meet required medical necessity criteria and has [allegedly] failed to disclose or return known overpayments resulting from such [allegedly] unlawful admissions.**

64.      Halifax denies the allegations in paragraph 64 of the Complaint.

65.      Halifax is without knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 65 of the Complaint and therefore denies the same.

66.      Halifax denies the allegations in paragraph 66 of the Complaint.

67.      Halifax denies the allegations in paragraph 67 of the Complaint except to the extent that it is one of the largest hospitals in its geographic market.

68.  Halifax denies the allegations in paragraph 68 of the Complaint.

69.  Halifax denies the allegations in paragraph 69 of the Complaint.

70.  Halifax denies the allegations in paragraph 70 of the Complaint.

71.  Halifax is without knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 71 of the Complaint and therefore denies the same.

72.  Halifax denies the allegations in paragraph 72 of the Complaint.

73.  Halifax denies the allegations in paragraph 73 of the Complaint.

### 2.  Patient specific evidence and proof of intent regarding the defendants' [allegedly] fraudulent billing practices involving short-stay inpatient admissions

74.  Halifax denies the allegations in paragraph 74 of the Complaint.

### a.  March 2009 [allegedly] fraudulent admissions – documented [alleged] 45% error rate

75.  Halifax denies the allegations in paragraph 75 of the Complaint.

76.  Halifax denies the allegations in paragraph 76 of the Complaint.

77.  Halifax denies the allegations in paragraph 77 of the Complaint.

78.  Halifax denies the allegations in paragraph 78 of the Complaint.

79.  Halifax denies the allegations in paragraph 79 of the Complaint.

80.  Halifax denies the allegations in paragraph 80 of the Complaint.

81.  Halifax denies the allegations in paragraph 81 of the Complaint.

82.  Halifax denies the allegations in paragraph 82 of the Complaint.

83.  Halifax denies the allegations in paragraph 83 of the Complaint.

  **b.**  **April 2008-March 2009 [allegedly] fraudulent "chest pain" admissions [alleged] 60% error rate**

84. Halifax denies the allegations in paragraph 84 of the Complaint.

85. Halifax denies the allegations in paragraph 85 of the Complaint.

  **c.**  **April 1-28, 2009 "chest pain" review [alleged] 82% error rate**

86. Halifax denies the allegations in paragraph 86 of the Complaint.

87. Halifax denies the allegations in paragraph 87 of the Complaint.

88. Halifax denies the allegations in paragraph 88 of the Complaint.

89. Halifax denies the allegations in paragraph 89 of the Complaint.

  **d.**  **October 1, 2008 – March 31, 2008 cardiac admissions [alleged] 59% error rate**

90. Halifax denies the allegations in paragraph 90 of the Complaint.

91. Halifax denies the allegations in paragraph 91 of the Complaint.

  **e.**  **April 1-30, 2009 – cardiac admissions [alleged] 59% error rate**

92. Halifax denies the allegations in paragraph 92 of the Complaint.

93. Halifax denies the allegations in paragraph 93 of the Complaint.

  **f.**  **Defendants have [allegedly] illegally and consistently admitted inpatients without establishing medical necessity since at least 2000 through the present date**

94. Halifax denies the allegations in paragraph 94 of the Complaint.

95. Halifax denies the allegations in paragraph 95 of the Complaint.

96. Halifax denies the allegations in paragraph 96 of the Complaint.

97. Halifax denies the allegations in paragraph 97 of the Complaint.

**B.**    *Stark* **violations which [allegedly] constitute FCA violations**

    **1.**    **Defendants are [allegedly] violating the Stark laws and the FCA by maintaining unlawful and excessive financial relationships with physicians who are making referrals to Defendant Halifax Hospital for the furnishing of designated health services**

98.    Halifax denies the allegations in paragraph 98 of the Complaint.

    **a.**    **Medical Oncology Physicians**

99.    Halifax denies the allegations in paragraph 99 of the Complaint, except to the extent that Halifax provides incentive compensation to Halifax medical oncologists based on personally performed services.

100.    Halifax denies the allegations in paragraph 100 of the Complaint, except to the extent that Halifax provides incentive compensation to Halifax medical oncologists based on personally performed services.

101.    Halifax denies the allegations in paragraph 101 of the Complaint.

102.    Halifax admits the allegations in paragraph 102 of the Complaint to the extent that it paid incentive compensation to six medical oncologists in 2008 based on personally performed services.

103.    Halifax denies the allegations in paragraph 103 of the Complaint.

104.    Halifax admits the allegations in paragraph 104 of the Complaint to the extent that its medical oncologists referred patients to Halifax Hospital, but denies Relator's characterization of those referrals as a "violation of *Stark*."

105.    Halifax denies the allegations in paragraph 105 of the Complaint.

106.    Halifax denies the allegations in paragraph 106 of the Complaint.

107.    Halifax denies the allegations in paragraph 107 of the Complaint.

### b.    Psychiatrists

108.    Halifax admits the allegations in paragraph 108 of the Complaint to the extent that Drs. John Caliendo and Gary Frick were provided incentive compensation payments equal to 100% of gross collections after covering Halifax's costs and expenses.

109.    Halifax admits the allegations in paragraph 109 of the Complaint to the extent that it paid incentive compensation to Drs. John Caliendo and Gary Frick in 2008 based on personally performed services.

110.    Halifax admits the allegations in paragraph 110 of the Complaint.

111.    Halifax admits the allegations in paragraph 111 of the Complaint.

112.    Halifax admits the allegations in paragraph 112 of the Complaint to the extent that its psychiatrists referred patients to Halifax Hospital, but denies Relator's characterization of those referrals as a "violation of *Stark*."

113.    Halifax denies the allegations in paragraph 113 of the Complaint.

114.    Halifax denies the allegations in paragraph 114 of the Complaint.

115.    Halifax denies the allegations in paragraph 115 of the Complaint.

### c.    Neurosurgeons

116.    Halifax denies that allegations in paragraph 116 of the Complaint, except to the extent that Halifax employs three neurosurgeons, Drs. Rohit Khanna, William Kuhn, and Frederico Vinas.

117.    Halifax denies the allegations in paragraph 117 of the Complaint.

118.    Halifax denies the allegations in paragraph 118 of the Complaint, except to the extent that Halifax pays for certain of expenses related to the operations of its neurosurgeons.

119.    Halifax denies that allegations in paragraph 119 of the Complaint, except to the extent that Halifax did meet with its neurosurgeons and commissioned an independent fair market value analysis of neurosurgeon compensation in May 2009.

120.    Halifax denies that allegations in paragraph 120 of the Complaint, except to the extent that Halifax paid compensation to its neurosurgeons, as reflected in the tables in paragraph 120, based on personally performed services of the subject neurosurgeons.

121.    Halifax denies the allegations in paragraph 121 of the Complaint.

122.    Halifax denies the allegations in paragraph 122 of the Complaint, except to the extent that it correctly states that "[p]roviders are allowed to pay bonuses to highly productive physicians" based on personally performed services.

123.    Halifax denies the allegations in paragraph 123 of the Complaint.

124.    Halifax admits the allegations in paragraph 124 of the Complaint to the extent that its neurosurgeons referred patients to Halifax Hospital, but denies Relator's characterization of those referrals as a "violation of *Stark*."

125.    Halifax denies the allegations in paragraph 125 of the Complaint.

126.    Halifax denies the allegations in paragraph 126 of the Complaint.

127.    Halifax denies the allegations in paragraph 127 of the Complaint.

**(1)      Dr. Vinas – [Alleged] Billing and Coding Frauds**

128.    Halifax denies the allegations in paragraph 128 of the Complaint, except to the extent that Halifax has reviewed Dr. Vinas' productivity.

129.    Halifax denies the allegations in paragraph 129 of the Complaint, except to the extent that Halifax has reviewed Dr. Vinas' productivity.

130.    Halifax denies the allegations in paragraph 130 of the Complaint, except to the extent that Halifax has reviewed billing related to Dr. Vinas' nurse.

131.    Halifax denies the allegations in paragraph 131 of the Complaint.

132.    Halifax denies the allegations in paragraph 132 of the Complaint, except to the extent that Halifax has reviewed Dr. Vinas' performance of spinal fusion (post lumbar interbody fusion) surgery.

133.    Halifax denies the allegations in paragraph 133 of the Complaint, except to the extent that Halifax has reviewed inpatient utilization data for its neurosurgeons.

134.    Halifax is without knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 134 of the Complaint and therefore denies the same.

135.    Halifax is without knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 135 of the Complaint and therefore denies the same.

136.    Halifax is without knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 136 of the Complaint and therefore denies the same.

137.    Halifax is without knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 137 of the Complaint and therefore denies the same.

138.    Halifax is without knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 138 of the Complaint and therefore denies the same.

139.    Halifax is without knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 139 of the Complaint and therefore denies the same.

### (2)      Dr. Khanna – Billing and Coding Frauds

140.    Halifax denies the allegations in paragraph 140 of the Complaint, except to the extent that Halifax has reviewed the billing practices of Dr. Khanna.

141.    Halifax is without knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 141 of the Complaint and therefore denies the same.

142.    Halifax is without knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 142 of the Complaint and therefore denies the same.

143.    Halifax is without knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 143 of the Complaint and therefore denies the same.

144.   Halifax is without knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 144 of the Complaint and therefore denies the same.

145.   Halifax is without knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 145 of the Complaint and therefore denies the same.

146.   Halifax is without knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 146 of the Complaint and therefore denies the same.

**d.       Illegal Compensation - Directorships**

147.   Halifax denies the allegations in paragraph 147 of the Complaint.

148.   Halifax denies the allegations in paragraph 148 of the Complaint.

149.   Halifax denies the allegations in paragraph 149 of the Complaint.

**e.       Relator's [allegedly] failed efforts to improve inpatient admission and physician billing compliance at Defendant Halifax Hospital**

150.   Halifax denies the allegations in paragraph 150 of the Complaint, except to the extent that Halifax developed a business plan focused solely on coding accuracy for professional medical services.

151.   Halifax denies the allegations in paragraph 151 of the Complaint, except to the extent that Halifax's Compliance Department presented a business plan (focused solely on coding accuracy for professional medical services, as qualified in paragraph 150) to Halifax administration in June 2007.

152.    Halifax denies the allegations in paragraph 152 of the Complaint.

153.    Halifax is without knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 153 of the Complaint and therefore denies the same.

154.    Halifax is without knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 154 of the Complaint and therefore denies the same.

155.    Halifax is without knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 155 of the Complaint and therefore denies the same.

156.    Halifax is without knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 156 of the Complaint and therefore denies the same.

C.      **Federal Anti-Kickback Violations**

1.      **Defendant Halifax Hospital [allegedly] paid kickbacks to physicians for referrals to defendant Halifax Hospital in violation of the federal anti-kickback laws**

a.      **Medical Oncology Physicians**

157.    Halifax denies the allegations in paragraph 157 of the Complaint, except to the extent that Halifax medical oncologists referred patients to Halifax Hospital.

158.    Halifax denies the allegations in paragraph 158 of the Complaint.

159.    Halifax denies the allegations in paragraph 159 of the Complaint.

160.   Halifax denies the allegations in paragraph 160 of the Complaint, except to the extent that it admits that Halifax Staffing and Halifax Hospital are separate legal entities.

161.   Halifax denies the allegations in paragraph 161 of the Complaint.

### b.   Psychiatrists

162.   Halifax denies the allegations in paragraph 162 of the Complaint, except to the extent that Halifax psychiatrists referred patients to Halifax Hospital.

163.   Halifax denies the allegations in paragraph 163 of the Complaint.

164.   Halifax denies the allegations in paragraph 164 of the Complaint.

165.   Halifax denies the allegations in paragraph 165 of the Complaint.

166.   Halifax denies the allegations in paragraph 166 of the Complaint.

### c.   Neurosurgeons

167.   Halifax denies the allegations in paragraph 167 of the Complaint, except to the extent that Halifax neurosurgeons referred patients to Halifax Hospital.

168.   Halifax denies the allegations in paragraph 168 of the Complaint.

169.   Halifax denies the allegations in paragraph 169 of the Complaint.

170.   Halifax denies the allegations in paragraph 170 of the Complaint, except to the extent that it admits that Halifax Staffing and Halifax Hospital are separate legal entities.

171.   Halifax denies the allegations in paragraph 171 of the Complaint.

2.    **Defendant Halifax Hospital [allegedly] violated the False Claims Act by [allegedly] Submitting claims for kickback-induced referrals prohibited by AKS**

172.    Halifax denies the allegations in paragraph 172 of the Complaint.

173.    Halifax denies the allegations in paragraph 173 of the Complaint.

174.    Halifax denies the allegations in paragraph 174 of the Complaint.

175.    Halifax denies the allegations in paragraph 175 of the Complaint.

176.    Halifax denies the allegations in paragraph 176 of the Complaint.

177.    Halifax denies the allegations in paragraph 177 of the Complaint.

## COUNT ONE

## ALLEGED VIOLATION OF FEDERAL FALSE CLAIMS ACT, 31 U.S.C. § 3729-33

178.    Halifax restates and realleges its preceding answers to paragraphs 1-177 as if fully set forth herein.

179.    Halifax denies the allegations in paragraph 179 of the Complaint.

180.    Halifax denies the allegations in paragraph 180 of the Complaint.

181.    Halifax denies the allegations in paragraph 181 of the Complaint.

182.    Halifax denies the allegations in paragraph 182 of the Complaint.

183.    Halifax denies the allegations in paragraph 183 of the Complaint.

184.    Halifax denies the allegations in paragraph 184 of the Complaint.

## COUNT TWO

## ALLEGED CONSPIRACY TO VIOLATE THE FALSE CLAIMS ACT, 31 U.S.C. § 3729(a)(1)(C)

185.    Halifax restates and realleges its preceding answers to paragraphs 1-184 as if fully set forth herein.

186.    Halifax denies the allegations in paragraph 186 of the Complaint.

187.    Halifax denies the allegations in paragraph 187 of the Complaint.

188.    Halifax denies the allegations in paragraph 188 of the Complaint.

189.    Halifax denies the allegations in paragraph 189 of the Complaint.

## COUNT THREE

## ALLEGED VIOLATION OF STARK STATUTE, 42 U.S.C. § 1395nn et *seq.*

190.    Halifax restates and realleges its preceding answers to paragraphs 1-189 as if fully set forth herein.

191.    Halifax denies the allegations in paragraph 191 of the Complaint.

192.    Halifax denies the allegations in paragraph 192 of the Complaint.

## COUNT FOUR

## ALLEGED VIOLATION OF ANTI-KICKBACK ACT, 42 U.S.C. § 1320(a)-7(b) *et seq.*

193.    Insert Halifax restates and realleges its preceding answers to paragraphs 1-192 as if fully set forth herein.

194.    Halifax denies the allegations in paragraph 194 of the Complaint.

195.    Halifax denies the allegations in paragraph 195 of the Complaint.

## AFFIRMATIVE DEFENSES

1.    **Failure to State a Claim:**  Relator has failed to state claim upon which relief may be granted.

2.    **Estoppel:**  The doctrine of estoppel bars any relief on Relator's claim.

3.    **Waiver:**  The doctrine of waiver bars any relief on Relator's claims.

4.      **Good Faith:**  Relator's claims for relief are barred because any actions taken by Halifax with respect to the subject matters alleged in the Complaint were undertaken in good faith and constitute lawful, proper, justified and/or privileged conduct.

5.      **Limitations on Damages:**  Relator is precluded from recovering treble damages and civil penalties under applicable provisions of law.

6.      **Attorney's Fees:**  Relator is precluded from recovering attorneys' fees under applicable provisions of law.

7.      **Fraud With Particularity:**  Insofar as any of Relator's causes of action in the Complaint sounds in fraud, the Complaint fails to plead fraud with particularity.

8.      **Unclean Hands:**  Relator's unclean hands bar her claims.

9.      **Public Disclosure:**  The court lacks jurisdiction over the allegations under the False Claims Act pursuant to 31 U.S.C. § 3730(e)(4)(A) because (1) the claims, allegations, and transactions described in the Complaint were publicly disclosed prior to the filing and partially unsealing of the lawsuit; and (2) Relator is not an original source of the information as defined by 31 U.S.C. § 3730(e)(4)(B).

10.     **Reservation of Defenses:**  Halifax reserves the right to assert all affirmative defenses under Fed. R. Civ. P. 8(c) and any other defenses available at law or equity that may be available now or may become available based on discovery or other factual investigations.

WHEREFORE, HALIFAX prays:

(i)      That judgment be entered in favor of Halifax and against Relator;

(ii)     That the Complaint be dismissed with prejudice; and

(iii)    For such other and further relief as the Court seems just.


Dated: June 20, 2011                    Respectfully submitted,

s/ Amandeep S. Sidhu
Anthony N. Upshaw
Fla. Bar. No. 0861091
MCDERMOTT WILL & EMERY LLP
201 South Biscayne Boulevard
Suite 2200
Miami, FL 33131
Tel: (305) 358-3500
Fax: (305) 347-6500
Email: aupshaw@mwe.com

T. Reed Stephens (admitted *pro hac vice*)
David O. Crump (admitted *pro hac vice*)
Amandeep S. Sidhu (admitted *pro hac vice*)
MCDERMOTT WILL & EMERY LLP
600 13th Street, NW
Washington, DC 20005
Tel: (202) 756-8000
Fax: (202) 756-8087
Email: trstephens@mwe.com
Email: dcrump@mwe.com
Email: asidhu@mwe.com

*Counsel to Defendants Halifax Medical Center
and Halifax Staffing, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Middle District of Florida using the CM/ECF system on June 20, 2011.  I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

s/ Amandeep S. Sidhu
Amandeep S. Sidhu