**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**UNITED STATES OF AMERICA,**
*ex. rel.* **and ELIN BAKLID-KUNZ, Relator,**

        **Plaintiffs,**

-vs-                                            Case No. 6:09-cv-1002-Orl-31DAB

**HALIFAX HOSPITAL MEDICAL**
**CENTER, d/b/a Halifax Health, a/k/a**
**Halifax Community Health System, a/k/a**
**Halifax Medical Center and HALIFAX**
**STAFFING, INC.,**

        **Defendants.**

## ORDER

This matter comes before the Court without a hearing on the Motion to Intervene (Doc. 58) filed by the United States of America (the "Government") and the response in opposition (Doc. 63) by the Defendants.

This *qui tam* matter was filed by the Relator, under seal, in June 2009. (Doc. 1). In March 2010, the undersigned declined to grant any further extensions to the Government, requiring the Government to decide whether to intervene by June 2010. On June 3, 2010, the Government announced that its investigation had not been completed and therefore it could not decide whether to proceed. (Doc. 3 at 1). As such, it notified the Court that it would not intervene at that time, but that it would continue to investigate, and that it was reserving its rights "to intervene in this action, for good cause, at a later date." (Doc. 3 at 1-2). Fifteen months later, the Government filed the instant motion.

The False Claims Act, 31 U.S.C. § 3729, permits private individuals (known as "relators") to initiate a civil action alleging fraud on the Government.  Where such a suit is filed, the United States is given 60 days – plus extensions, for good cause shown – to review the claims and decide whether it will elect to intervene and proceed with the action.  31 U.S.C. § 3730(b).  If the Government opts not to intervene, the person who initiated the action may conduct it.  If the person opts to continue conducting the action, the court may permit the Government to intervene at a later date upon a showing of good cause.  31 U.S.C. § 3730(c)(3).

The Government asserts that it has continued its investigation since June 2010 by interviewing additional witnesses and reviewing additional documents.  (Doc. 58-1 at 2-3).  It asserts that good cause exists for intervention because "the United States now has determined that the facts merit intervention and because the relator, for whom the statutory 'good cause' requirement was created, assents to this motion."  (Doc. 58-1 at 3).  The Government also points out that this matter is still in discovery, and asserts that the Defendants "will not be unduly prejudiced by the United States intervening at this time."  (Doc. 58-1 at 3).

Case law construing the "good cause" requirement of 31 U.S.C. § 3730(c)(3) is scarce.  At least one court has found that the requirement was implemented to protect the interest of relators.  In *U.S. ex rel. Stone v. Rockwell Intern. Corp.*, 950 F.Supp. 1046 (D.Col. 1996), the Court reviewed the Senate Report regarding the 1986 amendment to the False Claims Act, which implemented the "good cause" requirement for government intervention.  The 1986 amendments altered the reward provisions of the False Claims Act, permitting relators to recover 25 to 30 percent of the alleged fraud if they proceeded alone, but only 15 to 25 percent if the government intervened.  *Id.* at 1048-49.  Given the new reward provisions, the *Stone* court noted,

"[g]overnment intervention late in the proceedings may be unfair to a relator who has expended considerable resources to advance the case and then loses up to half of the reward for bringing the action." *Id.* at 1049. As set forth in the motion, the Relator in this matter does not oppose the Government's intervention.

The bulk of the Defendants' response focuses on the merits, arguing that the Government has not produced evidence to support certain allegations made by the Relator. Even if true, this is not relevant. The question at this stage is whether the Government should be permitted to intervene, not whether it will ultimately prevail. The Defendants offer nothing to suggest that they (or the relator) would be unduly prejudiced by the Government's intervention in this matter.

Accordingly, it is hereby

**ORDERED** that the Motion to Intervene (Doc. 58) is **GRANTED**. The Government's intervention, however, will not affect any of the provisions of the Case Management and Scheduling Order (Doc. 22).

**DONE** and **ORDERED** in Chambers, Orlando, Florida on September 27, 2011.

          _____
          **GREGORY A. PRESNELL**
          **UNITED STATES DISTRICT JUDGE**

Copies furnished to:

Counsel of Record
Unrepresented Party