**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

UNITED STATES OF AMERICA,
*ex. rel.* and ELIN BAKLID-KUNZ, Relator,

                          **Plaintiffs,**

-vs-                                   Case No.  6:09-cv-1002-Orl-31DAB

HALIFAX HOSPITAL MEDICAL
CENTER, d/b/a Halifax Health, a/k/a
Halifax Community Health System, a/k/a
Halifax Medical Center and HALIFAX
STAFFING, INC.,

                          **Defendants.**

_____

## ORDER

     This matter comes before the Court without a hearing on the Motion for Preliminary

Injunction (Doc. 84) filed by the Defendants and the response in opposition (Doc. 95) filed by the

Relator.  In resolving the instant motion, the Court has also reviewed certain purportedly

privileged documents filed under seal.

     The Defendants contend that the Relator, in the course of her employment with them, came

into possession of a number of documents that are protected by either attorney-client privilege, the

work product doctrine, or both.  They contend that the Relator and her counsel wrongfully relied

upon those documents in drafting the *qui tam* complaint in this case and turned them over to the

United States.  The Defendants seek injunctive relief consisting of dismissal of the instant suit

with prejudice and disqualification of Relator's counsel, as well as a listing of everyone to whom

the allegedly privileged communications were disseminated and an order prohibiting the Relator

from testifying in regard to or relying upon those communications.

Before granting a preliminary injunction, a district court must find that the plaintiffs have

established: (1) a substantial likelihood of success on the merits; (2) a substantial threat of

irreparable injury if the injunction were not granted; (3) that the threatened injury to the plaintiffs

outweighs the harm an injunction may cause the defendant; and (4) that granting the injunction

would not disserve the public interest.  *Church v. City of Huntsville*, 30 F.3d 1332, 1342 (11th Cir.

1994).  A preliminary injunction is an "extraordinary and drastic remedy" and is "not to be

granted until the movant clearly carries the burden of persuasion as to the four prerequisites."

*Northeastern Fl. Chapter of the Ass'n of Gen. Contractors of Am. v. City of Jacksonville*, 896 F.2d

1283, 1285 (11th Cir.1990) (internal quotation omitted).

After reviewing the 31 documents filed under seal, the Court finds that – at first blush,

anyway – at least some the documents may have been subject to attorney-client privilege or the

work-product doctrine.  However, the Defendants have made no showing whatsoever that they

face a substantial threat of irreparable injury if the case is not dismissed with prejudice or opposing

counsel are not disqualified and so forth.  The Defendants argue that they have been irreparably

harmed by the utilization of these documents in the preparation of the instant case against them.

But, again, the Defendants have made no showing whatsoever in this regard.  They have not, for

example, identified any damaging information set forth in the Complaint of which the Relator

would not have been aware but for her (purportedly) wrongful utilization of these documents.

Moreover, even if the Defendants had demonstrated that some actual harm had occurred, a

showing of past harm would not satisfy the requirement of a substantial *threat* of irreparable injury

needed to obtain a preliminary injunction.

In consideration of the foregoing, it is hereby

**ORDERED AND ADJUDGED** that the Motion for Preliminary Injunction (Doc. 84) filed

by the Defendants is **DENIED**.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on January 10, 2012.

_____
**GREGORY A. PRESNELL**
**UNITED STATES DISTRICT JUDGE**

Copies furnished to:

Counsel of Record
Unrepresented Party