**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

| | |
|---|---|
| UNITED STATES OF AMERICA *ex.rel.* ELIN BAKLID-KUNZ, <br><br>  Relator, <br><br>  vs. <br><br> HALIFAX HOSPITAL MEDICAL CENTER d/b/a HALIFAX HEALTH a/k/a HALIFAX COMMUNITY HEALTH SYSTEM a/k/a HALIFAX MEDICAL CENTER and HALIFAX STAFFING, INC. <br><br>  Defendants. | CASE NO. 6:09-CV-1002-ORL-31 DAB <br><br> [FALSE CLAIMS ACT – QUI TAM] |

**DEFENDANT HALIFAX HOSPITAL MEDICAL CENTER AND HALIFAX STAFFING, INC. ANSWER TO THE UNITED STATES' COMPLAINT IN INTERVENTION**

Defendants Halifax Hospital Medical Center and Halifax Staffing, Inc. (collectively, "Halifax"), by and through its attorneys, as its Answer to the United States' Complaint in Intervention ("Complaint"), states that:

**I.   NATURE OF ACTION**

1. Halifax is without knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 1 of the Complaint and therefore denies the same.

2. Halifax denies the allegations in paragraph 2 of the Complaint.

## II. JURISDICTION AND VENUE

3. Halifax admits that courts generally have jurisdiction over *qui tam* actions pursuant to 28 U.S.C. § 1331 and 31 U.S.C. § 1345 and 1367(a), but denies that the Complaint states a valid claim upon which relief may be granted. Halifax also denies that Relator is an "original source" of the information upon which the Complaint is predicated, as required by 31 U.S.C. § 3729-33.

4. Halifax admits that courts generally have jurisdiction over *qui tam* actions pursuant to 28 U.S.C. § 3732(a), but denies that the Complaint states a valid claim upon which relief may be granted. Halifax also denies that Relator is an "original source" of the information upon which the Complaint is predicated, as required by 31 U.S.C. § 3729-33.

5. Halifax admits that venue is generally proper in the Middle District of Florida under 31 U.S.C. § 3732 and 28 U.S.C. § 1391(b) and (c).

## III. PARTIES

6. Halifax is without knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 6 of the Complaint and therefore denies the same.

7. Halifax is without knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 7 of the Complaint and therefore denies the same.

8. Halifax admits the allegations in paragraph 8 of the Complaint.

9. Halifax denies the allegations in paragraph 9 of the Complaint.

    10.    Halifax admits the allegations in paragraph 10 of the Complaint.

    11.    Halifax denies the allegations in paragraph 11 of the Complaint.

    12.    Halifax admits the allegations in paragraph 12 of the Complaint.

**IV.    THE FALSE CLAIMS ACT**

    13.    Halifax admits the allegations in paragraph 13 of the Complaint.

    14.    Halifax admits the allegations in paragraph 14 of the Complaint.

**V.    THE MEDICARE PROGRAM**

    15.    Halifax admits the allegations in paragraph 15 of the Complaint.

    16.    Halifax admits the allegations in paragraph 16 of the Complaint.

    17.    Halifax admits that the Centers for Medicare & Medicaid Services ("CMS") contracts fiscal intermediaries pursuant to 42 U.S.C. § 1395h, but is without knowledge and information sufficient to form a belief as to the truth of the other allegations in paragraph 17 of the Complaint and therefore denies the same.

    18.    Halifax admits that CMS contracts with carriers, but is without knowledge and information sufficient to form a belief as to the truth of the other allegations in paragraph 18 of the Complaint and therefore denies the same.

    19.    Halifax admits that CMS contracts with Medicare Administrative Contractors ("MACs"), but is without knowledge and information sufficient to form a belief as to the truth of the other allegations in paragraph 19 of the Complaint and therefore denies the same.

    20.    Halifax admits the allegations in paragraph 20 of the Complaint.

    21.    Halifax admits the allegations in paragraph 21 of the Complaint.

22. Halifax admits the allegations in paragraph 22 of the Complaint.

23. Halifax admits the allegations in paragraph 23 of the Complaint.

24. Halifax denies the allegations in paragraph 24 of the Complaint.

25. Halifax admits the allegations in paragraph 25 of the Complaint.

26. Halifax admits the allegations in paragraph 26 of the Complaint.

27. Halifax admits the allegations in paragraph 27 of the Complaint.

28. Halifax admits the allegations in paragraph 28 of the Complaint.

29. Halifax admits the allegations in paragraph 29 of the Complaint.

30. Halifax admits the allegations in paragraph 30 of the Complaint.

31. Halifax is without knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 31 of the Complaint and therefore denies the same.

32. Halifax admits the allegations in paragraph 32 of the Complaint.

33. Halifax denies the allegations in paragraph 33 of the Complaint.

34. Halifax denies the allegations in paragraph 34 of the Complaint.

35. Halifax denies the allegations in paragraph 35 of the Complaint.

36. Halifax admits that physicians or other providers submit Medicare Part B claims to carriers or MACs for payment, but is without knowledge as to whether a physician would ever submit Medicare Part A claims, as referenced in paragraph 36 of the Complaint, and therefore denies the same.

37. Halifax is without knowledge and information sufficient to form a belief as to the truth of the allegations in paragraph 37 of the Complaint and therefore denies the same.

## VI. THE MEDICAID PROGRAM

38. Halifax admits the allegations in the first sentence of paragraph 38. Halifax is without knowledge and information sufficient to form a belief as to the truth of allegations in the second sentence of paragraph 38 of the Complaint and therefore denies the same.

39. Halifax admits the allegations in paragraph 39 of the Complaint.

40. Halifax admits the allegations in paragraph 40 of the Complaint.

41. Halifax admits the allegations in paragraph 41 of the Complaint.

42. Halifax admits the allegations in paragraph 42 of the Complaint.

43. Halifax is without knowledge and information sufficient to form a belief as to the truth of allegations in paragraph 43 of the Complaint and therefore denies the same.

## VII. THE STARK STATUTE

44. Halifax admits the allegations in paragraph 44 of the Complaint.

45. Halifax is without knowledge and information sufficient to form a belief as to the truth of allegations in paragraph 45 of the Complaint and therefore denies the same.

46. Halifax admits the allegation in the first sentence of paragraph 46 of the Complaint, but denies the allegations in the second sentence of the same.

47. Halifax admits the allegations in paragraph 47 of the Complaint.

48. Halifax admits the allegations in paragraph 48 of the Complaint.

49. Halifax admits the allegations in paragraph 49 of the Complaint to the extent that the United States' reference to "statutory exceptions" includes exceptions adopted by the Secretary of the Department of Health and Human Services.

50. Halifax admits the allegations in paragraph 50 of the Complaint to the extent that the United States intended to cite to and quote directly from 42 U.S.C. § 1395nn(a)(1).

51. Halifax is without knowledge and information sufficient to form a belief as to the truth of allegations in paragraph 51 of the Complaint and therefore denies the same.

52. Halifax denies the allegations in paragraph 52 of the Complaint.

53. Halifax denies the allegations in paragraph 53 of the Complaint.

54. Halifax denies the allegations in paragraph 54 of the Complaint.

55. Halifax admits the allegations in paragraph 55 of the Complaint.

56. Halifax denies the allegations in paragraph 56 of the Complaint.

57. Halifax denies the allegations in paragraph 57 of the Complaint.

58. Halifax admits the allegations in paragraph 58 of the Complaint.

59. Halifax denies the allegations in paragraph 59 of the Complaint.

**VIII.  THE FRAUD SCHEME**

60. Halifax denies the allegations in paragraph 60 of the Complaint.

**A.    Neurosurgeons**

61. Halifax denies the allegations in paragraph 61 of the Complaint to the extent that Halifax Staffing, Inc. is the instrumentality by which Halifax Hospital Medical Center employs the individuals who work at Halifax Hospital Medical Center facilities. Halifax Hospital Medical Center is a statutory governmental subdivision of the State of Florida, located in Daytona Beach, Florida. More specifically, Halifax Hospital Medical Center is organized under the laws of the State of Florida as a special taxing district created pursuant to an act of the Florida Legislature. Pursuant to an agreement between Halifax Staffing and Halifax Hospital Medical Center (commencing March 6, 1994), Halifax Staffing assumed the employment of the individuals who had up to that time been employed by the Halifax Hospital Medical Center district, and became the entity used by Halifax Hospital Medical Center to staff its facilities. Halifax Hospital Medical Center pays its employees through a Halifax Staffing "sweep" account.

62. Halifax admits the allegations in paragraph 62 of the Complaint.

63. Halifax admits the allegations in paragraph 63 of the Complaint.

64. Halifax denies the allegations in paragraph 64 of the Complaint.

65. Halifax denies the allegations in paragraph 65 of the Complaint.

66. Halifax denies the allegations in paragraph 66 of the Complaint.

67. Halifax denies the allegations in paragraph 67 of the Complaint.

68. Halifax denies the allegations in paragraph 68 of the Complaint.

69. Halifax denies the allegations in paragraph 69 of the Complaint.

70. Halifax denies the allegations in paragraph 70 of the Complaint.

71. Halifax denies the allegations in paragraph 71 of the Complaint.

72. Halifax denies the allegations in paragraph 72 of the Complaint.

73. Halifax denies the allegations in paragraph 73 of the Complaint.

74. Halifax denies the allegations in paragraph 74 of the Complaint.

75. Halifax denies the allegations in paragraph 75 of the Complaint.

76. Halifax denies the allegations in paragraph 76 of the Complaint.

77. Halifax denies the allegations in paragraph 77 of the Complaint.

78. Halifax denies the allegations in paragraph 78 of the Complaint.

79. Halifax denies the allegations in paragraph 79 of the Complaint.

80. Halifax denies the allegations in paragraph 80 of the Complaint.

81. Halifax denies the allegations in paragraph 81 of the Complaint.

82. Halifax denies the allegations in paragraph 82 of the Complaint.

83. Halifax denies the allegations in paragraph 83 of the Complaint.

84. Halifax denies the allegations in paragraph 84 of the Complaint.

85. Halifax admits the allegations in the first sentence of paragraph 85 of the Complaint. Halifax denies all other allegations in paragraph 85 of the Complaint.

86. Halifax denies the allegations in paragraph 86 of the Complaint.

87. Halifax denies the allegations in paragraph 87 of the Complaint.

88. Halifax denies the allegations in paragraph 88 of the Complaint.

**B.     Medical Oncologists**

89. Halifax denies the allegations in paragraph 89 of the Complaint.

90. Halifax admits the allegations in paragraph 90 of the Complaint.

91. Halifax denies the allegations in paragraph 91 of the Complaint.

92. Halifax denies the allegations in paragraph 92 of the Complaint.

93. Halifax denies the allegations in paragraph 93 of the Complaint.

94. Halifax denies the allegations in paragraph 94 of the Complaint.

95. Halifax denies the allegations in paragraph 95 of the Complaint.

96. Halifax denies the allegations in paragraph 96 of the Complaint.

97. Halifax denies the allegations in paragraph 97 of the Complaint.

98. Halifax denies the allegations in paragraph 98 of the Complaint.

99. Halifax denies the allegations in paragraph 99 of the Complaint.

100. Halifax denies the allegations in paragraph 100 of the Complaint.

101. Halifax denies the allegations in paragraph 101 of the Complaint.

102. Halifax denies the allegations in paragraph 102 of the Complaint.

103. Halifax denies the allegations in paragraph 103 of the Complaint.

104. Halifax denies the allegations in paragraph 104 of the Complaint.

105. Halifax admits that the medical oncologists performed oncology services for patients at Halifax, but denies all other allegations in paragraph 105 of the Complaint.

106. Halifax denies the allegations in paragraph 106 of the Complaint.

107. Halifax denies the allegations in paragraph 107 of the Complaint.

108. Halifax denies the allegations in paragraph 108 of the Complaint.

109. Halifax denies the allegations in paragraph 109 of the Complaint.

110. Halifax denies the allegations in paragraph 110 of the Complaint.

111. Halifax denies the allegations in paragraph 111 of the Complaint.

112. Halifax denies the allegations in paragraph 112 of the Complaint.

**IX.    FALSE AND FRAUDULENT CLAIMS AND STATEMENTS**

113.    Halifax denies the allegations in paragraph 113 of the Complaint.

114.    Halifax denies the allegations in paragraph 114 of the Complaint.

115.    Halifax denies the allegations in paragraph 115 of the Complaint.

116.    Halifax denies the allegations in paragraph 116 of the Complaint.

117.    Halifax denies the allegations in paragraph 117 of the Complaint.

118.    Halifax denies the allegations in paragraph 118 of the Complaint.

119.    Halifax denies the allegations in paragraph 119 of the Complaint.

**FIRST CAUSE OF ACTION**
(False Claims Act:  Presentation of False Claims)
(31 U.S.C. § 3729(a)(1) and (a)(1)(A))

120.    Halifax restates and realleges its preceding answers to paragraphs 1-119 as if fully set forth herein.

121.    Halifax denies the allegations in paragraph 121 of the Complaint.

122.    Halifax denies the allegations in paragraph 122 of the Complaint.

**SECOND CAUSE OF ACTION**
(False Claims Act:  Using False Statements to Get False Claims Paid)
(31 U.S.C. § 3729(a)(1)(B))

123.    Halifax restates and realleges its preceding answers to paragraphs 1-122 as if fully set forth herein.

124.    Halifax denies the allegations in paragraph 124 of the Complaint.

125.    Halifax denies the allegations in paragraph 125 of the Complaint.

126.    Halifax denies the allegations in paragraph 126 of the Complaint.

127.    Halifax denies the allegations in paragraph 127 of the Complaint.

### THIRD CAUSE OF ACTION
(False Claims Act: False Record Material to Obligation to Pay)
(31 U.S.C. § 3729(a)(7) and (a)(1)(G))

128. Halifax restates and realleges its preceding answers to paragraphs 1-127 as if fully set forth herein.

129. Halifax denies the allegations in paragraph 129 of the Complaint.

130. Halifax denies the allegations in paragraph 130 of the Complaint.

### FOURTH CAUSE OF ACTION
(Unjust Enrichment)

131. Halifax restates and realleges its preceding answers to paragraphs 1-130 as if fully set forth herein.

132. Halifax denies the allegations in paragraph 132 of the Complaint.

133. Halifax denies the allegations in paragraph 133 of the Complaint.

### FIFTH CAUSE OF ACTION
(Payment by Mistake)

134. Halifax restates and realleges its preceding answers to paragraphs 1-133 as if fully set forth herein.

135. Halifax denies the allegations in paragraph 135 of the Complaint.

136. Halifax denies the allegations in paragraph 136 of the Complaint.

137. Halifax denies the allegations in paragraph 137 of the Complaint.

### SIXTH CAUSE OF ACTION
(Disgorgement, Constructive Trust, and Accounting)

138. By Order dated March 19, 2012, the Court dismissed the United States' Sixth Cause of Action with prejudice.

139. *See* Halifax's answer to paragraph 138.

140.   *See* Halifax's answer to paragraph 138.

141.   *See* Halifax's answer to paragraph 138.

142.   *See* Halifax's answer to paragraph 138.

## AFFIRMATIVE DEFENSES

1.   **Failure to State a Claim:**  The United States has failed to state claim upon which relief may be granted.

2.   **Estoppel:**  The doctrine of estoppel bars any relief on the United States' claim.

3.   **Waiver:**  The doctrine of waiver bars any relief on the United States' claims.

4.   **Good Faith:**  The United States' claims for relief are barred because any actions taken by Halifax with respect to the subject matters alleged in the Complaint were undertaken in good faith and constitute lawful, proper, justified and/or privileged conduct.

5.   **Limitations on Damages:**  The United States' is precluded from recovering treble damages and civil penalties under applicable provisions of law.

6.   **Fraud With Particularity:**  Insofar as any of the United States' causes of action in the Complaint sounds in fraud, the Complaint fails to plead fraud with particularity.

7.   **Public Disclosure:**  The court lacks jurisdiction over the allegations under the False Claims Act pursuant to 31 U.S.C. § 3730(e)(4)(A) because (1) the claims, allegations, and transactions described in the Complaint were publicly disclosed prior to

the filing and partially unsealing of the lawsuit; and (2) Relator is not an original source of the information as defined by 31 U.S.C. § 3730(e)(4)(B).

8. **Exceptions to the Stark Law:** Insofar as any of the United States' causes of action in the Complaint allege violations of the Stark Law; the employment agreements at issue meet the requirements of the Bona Fide Employee Exception or, in the alternative, the Indirect Compensation Exception to the statute. Accordingly, no financial relationship within the meaning of the Stark Law exists.

9. **Reservation of Defenses:** Halifax reserves the right to assert all affirmative defenses under Fed. R. Civ. P. 8(c) and any other defenses available at law or equity that may be available now or may become available based on discovery or other factual investigations.

WHEREFORE, HALIFAX prays:

(i)  That judgment be entered in favor of Halifax and against the United States and Relator;

(ii)  That the Complaint be dismissed with prejudice; and

(iii)  For such other and further relief as the Court seems just.

Dated: April 5, 2011

Respectfully submitted,
s/ David O. Crump
Anthony N. Upshaw
Fla. Bar. No. 0861091
MCDERMOTT WILL & EMERY LLP
333 Avenue of the Americas
Suite 4500
Miami, FL 33131
Tel: (305) 358-3500
Fax: (305) 347-6500
Email: aupshaw@mwe.com

T. Reed Stephens (admitted *pro hac vice*)
David O. Crump (admitted *pro hac vice*)
Amandeep S. Sidhu (admitted *pro hac vice*)
MCDERMOTT WILL & EMERY LLP
600 13th Street, NW
Washington, DC 20005
Tel: (202) 756-8000
Fax: (202) 756-8087
Email: trstephens@mwe.com
Email: dcrump@mwe.com
Email: asidhu@mwe.com

*Counsel to Defendants Halifax Medical Center and Halifax Staffing, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Middle District of Florida using the CM/ECF system on April 5, 2011. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

s/ David O. Crump<br>
David O. Crump