**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**UNITED STATES OF AMERICA,**
*ex. rel.* **and ELIN BAKLID-KUNZ, Relator,**

                **Plaintiffs,**

**-vs-**                                      **Case No. 6:09-cv-1002-Orl-31DAB**

**HALIFAX HOSPITAL MEDICAL**
**CENTER, d/b/a Halifax Health, a/k/a**
**Halifax Community Health System, a/k/a**
**Halifax Medical Center and HALIFAX**
**STAFFING, INC.,**

                **Defendants.**

## ORDER

This matter comes before the Court without a hearing on the Motion to Strike (Doc. 115) filed by the Government and the response (Doc. 117) filed by the Defendants. The Government seeks to strike a number of affirmative defenses raised by the Defendants in their answer (Doc. 112). Upon review of those defenses, the Court agrees that they are unlikely to survive to trial, in that they are entirely vague and appear unlikely to be supported by facts not already known to the Defendants. Nonetheless, at this stage, the motion will be denied.

In pertinent part, Rule 12 provides that "The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). However, motions to strike are generally disfavored. *Augustus v. Board of Public Instruction of Escambia County, Fla.*, 306 F.2d 862, 868 (5th Cir. 1962). A "court will not exercise its discretion under [Rule 12(f)] to strike a pleading unless the matter sought to be omitted

has no possible relationship to the controversy, may confuse the issues, or otherwise prejudice a party." *Reyher v. Trans World Airlines, Inc.*, 881 F.Supp. 574, 576 (M.D.Fla.1995). Indeed, "An affirmative defense will only be stricken ... if the defense is 'insufficient as a matter of law.'" *Microsoft Corp. v. Jesse's Computers & Repair, Inc.*, 211 F.R.D. 681, 683 (M.D. Fla. 2002) (quotations omitted). While there are no "hard and fast rules for determining what constitutes an insufficient defense," *Reyher*, 881 F.Supp. at 576 (M.D.Fla.1995), an affirmative defense is generally insufficient as a matter of law only if: (1) on the face of the pleadings, it is patently frivolous, or (2) it is clearly invalid as a matter of law. *Jesse's Computers & Repair, Inc.*, 211 F.R.D. at 683 (M.D.Fla.2002). Furthermore, "To the extent that a defense puts into issue relevant and substantial legal and factual questions, it is 'sufficient' and may survive a motion to strike, particularly when there is no showing of prejudice to the movant." *Reyher*, 881 F.Supp. at 576 (M.D.Fla.1995). In evaluating a motion to strike, the Court must treat all well pleaded facts as admitted and cannot consider matters beyond the pleadings. *Id*.

The affirmative defenses, though short on details, are not patently frivolous or clearly invalid as a matter of law, and the Government has not shown that it will likely suffer prejudice if they remain a part of this case. Moreover, the Court sees no efficiency gain to be had by addressing this issue now. To the extent that discovery reveals that these defenses lack support, they should be withdrawn by the Defendants or attacked via a motion for summary judgment.

In consideration of the foregoing, it is hereby

**ORDERED AND ADJUDGED** that the Motion to Strike (Doc. 115) is **DENIED WITHOUT PREJUDICE**.

      **DONE** and **ORDERED** in Chambers, Orlando, Florida on May 22, 2012.

                                                                 GREGORY A. PRESNELL
                                                               UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party