IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

|  |  |
|---|---|
| UNITED STATES OF AMERICA *ex rel.*, and ELIN BAKLID-KUNZ, Relator <br><br> Plaintiffs <br><br> v. <br><br> HALIFAX HOSPITAL MEDICAL CENTER d/b/a HALIFAX HEALTH a/k/a HALIFAX COMMUNITY HEALTH SYSTEM a/k/a HALIFAX MEDICAL CENTER and HALIFAX STAFFING, INC. <br><br> Defendants | CASE NO.: 6:09-CV-1002-ORL-31DAB <br><br> JUDGE GREGORY A. PRESNELL <br><br> [FALSE CLAIMS ACT – QUI TAM] |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS HALIFAX HOSPITAL MEDICAL CENTER AND HALIFAX STAFFING, INC.'S MOTION TO COMPEL PLAINTIFF UNITED STATES TO DESIGNATE A 30(B)(6) WITNESS**

**I.   INTRODUCTION**

Pursuant to the Federal Rules of Civil Procedure ("Fed. R. Civ. P."), Defendants Halifax Hospital Medical Center and Halifax Staffing, Inc. (collectively, "Halifax"),[1] by and through their attorneys, respectfully submit this Memorandum of Law in Support of

---

[1] Halifax Hospital Medical Center is a statutory governmental subdivision of the State of Florida, located in Daytona Beach, Florida. More specifically, Halifax Hospital Medical Center is organized under the laws of the State of Florida as a special taxing district created pursuant to an act of the Florida Legislature. Halifax Staffing, Inc. is the instrumentality by which Halifax Hospital Medical Center employs the individuals who work at Halifax Hospital Medical Center facilities. Pursuant to an agreement between Halifax Staffing and Halifax Hospital Medical Center (commencing March 6, 1994), Halifax Staffing assumed the employment of the individuals who had up to that time been employed by the Halifax Hospital Medical Center district, and became the entity used by Halifax Hospital Medical Center to staff its facilities. Halifax Hospital Medical Center pays its employees through a Halifax Staffing "sweep" account.

their Motion to Compel Plaintiff United States ("Plaintiff"), through its counsel the United States Department of Justice ("the DOJ"), to designate a 30(b)(6) witness[2] in response to Halifax's May 22, 2012, Second Amended Notice of Videotaped 30(b)(6) Deposition ("Second Amended Notice").  Since originally noticing the instant deposition on April 13, 2012, Halifax has actively worked to address serial concerns raised by the DOJ in objection.  Despite Halifax's best efforts, including twice amending the notice, Plaintiff refuses to designate a witness on certain of the noticed topics while agreeing to produce an as yet unidentified witness for certain other topics and failing to file a motion for protective order to justify its refusal to fully cooperate in this aspect of discovery.  The DOJ's delay is prejudicing Halifax's defense by threatening the timely advancement of discovery.

For the reasons detailed below, Halifax respectfully requests that the Court enter the Proposed Order directing Plaintiff to designate a proper witness in response to the Second Amended Notice and produce said designee(s) for deposition beginning on June 28, 2012 at 600 13th Street, NW, Washington, DC 20005.

**II.   FACTS**

Halifax initially noticed the 30(b)(6) deposition of Plaintiff on April 13, 2012, setting the date of deposition for May 18, 2012 (Ex. A).  The deposition seeks information relevant to how the United States would testify as to matters implicated by both the DOJ's Complaint-In-Intervention on the Stark Law claims and Relator's Second

---

[2] For brevity's sake, Halifax refers to a singular 30(b)(6) designee throughout this Memorandum of Law, but is fully cognizant of the fact that Plaintiff may choose to designate multiple witnesses in response to the Second Amended Notice.

Amended Complaint setting forth non-intervened claims of alleged lack of medical necessity, Anti-Kickback Statute violations, and Stark Law claims.  After extensive correspondence and discussions with counsel for Plaintiff (*See, e.g.*, Ex. B, April 27, 2012 corr.; Ex. C, May 17, 2012 corr.; Ex. D, May 17, 2012 email corr.; Exs. E - F, May 18, 2012 corr.), in an effort to resolve objections by counsel, Halifax issued an Amended Notice on May 9, 2012 (Ex. G) and a Second Amended Notice on May 22, 2012, ultimately noticing deposition for June 6, 2012 (Ex. H).

Pursuant to Local Rule 3.01(g) and the Amended Case Management and Scheduling Order at II.A., Halifax conferred with counsel for Plaintiff on June 1, 2012 regarding this motion via teleconference, and no agreement has been reached.[3]

### III.    LEGAL STANDARDS

This Motion is filed pursuant to Fed. R. Civ. P. 26, 30(b)(6) and 37(a)(3)(B)(ii). Specifically, Rule 26(b)(1) permits parties to obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense.  Fed. R. Civ. P. 26(b)(1).  Rule 30(b)(6) provides that a party may name as a deponent a governmental agency or other entity, and the named organization must then designate "one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf."  Fed. R. Civ. P. 30(b)(6).  Where a corporation or other entity fails to make a designation under Rule 30(b)(6), the party seeking discovery may move for an order compelling a designation.  Fed. R. Civ. P. 37(a)(3)(B)(ii).

---

[3] The DOJ has agreed to provide an as yet unidentified witness for Topic 2 on June 28, 2012, but has not confirmed the availability of witnesses or specific dates for any other topic or subtopic in Halifax's Second Amended Notice.

Like "any ordinary litigant, the Government must abide by the Federal Rules of Civil Procedure. It is not entitled to special consideration concerning the scope of discovery, **especially when it voluntarily initiates an action.**" *SEC v. Merkin*, Case No. 11-23585-CIV, 2012 U.S. Dist. LEXIS 80922, at *12 (S.D. Fla. June 12, 2012) (quoting *SEC v. Collins & Aikman Corp.*, 256 F.R.D. 403, 414 (S.D.N.Y. 2009)) (emphasis in original).

The proponent of a motion to compel discovery bears the initial low burden of proving that the information sought is relevant. *See, e.g.*, *Diamond State Ins. Co. v. His House, Inc.*, Case No. 10-20039-CIV, 2011 U.S. Dist. LEXIS 5808, at *15-16 (S.D. Fla. Jan. 18, 2011) (citing *Peacock v. Merrill*, Case No. 05-0377, 2008 U.S. Dist. LEXIS 3751, at *8 (S.D. Ala. Jan. 17, 2008)).

### IV.   PLAINTIFF MUST DESIGNATE A WITNESS OR WITNESSES IN RESPONSE TO HALIFAX'S SECOND AMENDED NOTICE OF DEPOSITION

#### 1.   Halifax's Second Amended Notice Is Proper, And The Information Sought Is Relevant

Halifax has properly noticed Plaintiff pursuant to Rule 30(b)(6) on relevant topics. *See* Ex. H. In return, Plaintiff is required to designate and produce a witness for deposition on the noticed topics. Once the examining party designates the matters on which the examination is requested, a noticed party then has the responsibility to produce a witness who can answer questions regarding the subject matters listed in the notice. *See, e.g.*, *King v. Pratt & Whitney*, 161 F.R.D. 475, 476 (S.D. Fla. 1995). Plaintiff was properly noticed for the third time by Halifax via email and First-Class Mail on May 22, 2012. Halifax has listed topics in its Second Amended Notice – such as the Stark Law

and Medicare rules regarding medical necessity standards – that are relevant areas of inquiry regarding the central Stark, Anti-Kickback, and medical necessity claims by Plaintiffs, and Halifax's defenses, in this litigation. Despite six weeks of effort by Halifax to bring this issue to closure, the DOJ still refuses to designate and produce a witness for all designated topics.

### 2. Plaintiff Cannot Refuse To Designate A 30(B)(6) Deposition Witness Without First Moving For A Protective Order And Its Failure To Do So Is Delaying Discovery

The DOJ has identified neither a legal nor procedural basis for its continued delay. Indeed, this Court has previously found that:

> . . . it is inappropriate for a corporation simply to refuse to designate a witness for a properly noticed Rule 30(b)(6) deposition. Rather, the Federal Rules of Civil Procedure require the party seeking to narrow the scope of the requested discovery to bring a motion for a protective order under Rule 26(c).

*Strauss v. Rent-A-Center, Inc.*, Case No. 6:04-cv-1133, 2007 U.S. Dist. LEXIS 48879, at *2-4 (M.D. Fla. July 6, 2007) (citation omitted).

Plaintiff's objections to certain topics of deposition – such as hypothetical concerns that questions will be asked seeking information protected by the attorney-client privilege (*See, e.g.,* Ex. B, April 27, 2012 corr.; Ex. F, May 18, 2012 corr.) – do not constitute a valid basis for refusing to designate and produce a proper 30(b)(6) witness under either the Fed. R. Civ. P., the Local Rules of the Middle District of Florida, or the Case Management Report governing this litigation. Any concerns regarding specific deposition questions that may implicate the scope of privileges are properly addressed *during* the deposition, where the witness might be instructed not to answer such

questions. *See, e.g., Cnty. of Monroe v. Priceline.Com, Inc.*, Case No. 09-10004-CIV, 2010 U.S. Dist. LEXIS 48037, at *10-12 (S.D. Fla. April 14, 2010) (denying motion for protective order regarding 30(b)(6) deposition topics allegedly raising issues of work product and attorney-client privilege, and granting cross-motion to compel 30(b)(6) deposition). The DOJ continues to delay the taking of testimony through its refusal to designate witnesses for all topics.

Nor does Plaintiff's objection to topics noticed in the Second Amended Notice amount to good cause to preclude the deposition altogether.[4] Plaintiff's available recourse is to file a motion for a protective order setting forth good cause for precluding the requested testimony. The burden of showing good cause to preclude a deposition altogether is, however, a heavy one. *See, e.g., Dunford v. Rolly Marine Serv. Co.*, 233 F.R.D. 635, 637 (S.D. Fla. 2005); *see also West Peninsular Title Co. v. Palm Beach Cnty.*, 132 F.R.D. 301, 302 (S.D. Fla. 1990) (noting that protective orders totally prohibiting a deposition are rarely granted absent extraordinary circumstances). No such showing of extraordinary circumstances has been made by the DOJ.

### 3. Plaintiff Cannot Assert A Blanket Claim Of Privilege As A Justification For Its Refusal To Designate And Produce A Witness

Broad claims of privilege are no justification for a refusal to designate and produce a witness in response to a proper 30(b)(6) notice, even where named topics may implicate privilege. Indeed, this Court has previously rejected efforts by parties to claim

---

[4] Though Plaintiff has not yet made this argument, Halifax reasonably anticipates such an argument may be raised in response to this Motion, and reserves the right to modify its position based upon any unanticipated points raised by Plaintiff.

privilege as a justification for rejecting a 30(b)(6) deposition notice. In overruling a Magistrate Judge's Order denying a 30(b)(6) deposition of a governmental agency, this Court held:

> Under Rule 30(b)(6), the Commission could designate any person (*i.e.*, someone other than counsel) to depose in response to [defendant's] request. To the extent that [defendant's] subsequent examination sought either the work product or mental impression of Commission counsel, the Commission's designated deponent retained the right to refuse to answer on the basis of privilege. Permitting the Commission in this instance to assert a blanket claim of privilege in response to a Rule 30(b)(6) notice creates an unworkable circumstance in which a defendant loses a primary means of discovery without a meaningful review of his opponent's claim of privilege.

*SEC v. Kramer*, 778 F. Supp. 2d 1320, 1328 (M.D. Fla. 2011). Similarly, Plaintiff's proper recourse to any privilege concerns is objection or an instruction not to answer during the deposition – not to broadly claim privilege and refuse to comply with Halifax's Second Amended Notice.

The DOJ's assertion of work product privilege, made in its April 27, 2012 correspondence (Ex. B at 2), does not protect against a request for information which reveals a party's legal theory because discovery rules regularly allow litigants to gain this information. *Dunkin' Donuts Inc. v. Mary' s Donuts., Inc.*, 206 F.R.D. 518, 520 (S.D. Fla. 2002) (citing *In re San Juan DuPont Plaza Hotel Fire Litig.*, 859 F.2d 1007, 1016 (1st Cir. 1988) for the proposition that plaintiffs cannot refuse to provide the facts underlying claims). Indeed, facts supporting a party's claim or defense are not privileged or protected. *Strauss*, 2007 U.S. Dist. LEXIS 48879, at *4-5 (citing *United States v. Pepper's Steel & Alloys, Inc.*, 132 F.R.D. 695, 699 (S.D. Fla. 1990)). Nor are facts gathered from documents by a party's representative protected as "fact work product."

*United States v. Pepper's Steel & Alloys, Inc.*, 132 F.R.D. 695, 697 (S.D. Fla. 1990). Just this week, the Southern District fully rejected a blanket argument by the SEC that a 30(b)(6) deposition noticed by the opposing party should not go forward because it would lead to questions implicating the attorney-client and work produce privileges. *SEC v. Merkin*, Case No. 11-23585-CIV, 2012 U.S. Dist. LEXIS 80922 (S.D. Fla. June 12, 2012). As such, Plaintiffs' broad assertions of privilege are both erroneous and an improper basis for refusal to properly respond to a 30(b)(6) notice.

Similarly, Halifax has properly noticed Plaintiff United States on the topic of whether an instrumentality or a wholly-owned subsidiary "is a separate entity from its corporate parent for purposes of determining ownership of assets and other contractual rights." *See* Ex. H at Subject 1.a. This topic would presumably be best addressed by the Internal Revenue Service ("IRS"), an agency of the United States. Despite this fact, DOJ has made clear that they refuse to produce a knowledgeable witness from the IRS, arguing that the IRS is not an agency relevant to this *qui tam* matter, as they were not identified as asserting a cause of action in its Complaint-In-Intervention. As such, the DOJ claims for itself the ability to parse which agencies of the Executive Branch can ignore discovery demands directed to the United States as a whole, even where the evidence clearly points to the relevance and probative value of the discovery sought. *See* IRS Letter Ruling, dated December 13, 1995, to Halifax Staffing (attached hereto as Ex. I). The DOJ's stance is wrong and, further, inequitable as the DOJ has made clear that it intends on pursuing a 30(b)(6) deposition directed at Halifax Staffing, which presumably will cover these very same issues related to Halifax Staffing's tax and corporate status.

Ultimately, Plaintiff must follow the Fed. R. Civ. P. by producing a knowledgeable witness regarding this topic, which, presumably, would be a witness from the IRS. *See, e.g., Merkin*, 2012 U.S. Dist. LEXIS 80922, at *12.

WHEREFORE, HALIFAX prays that its request for relief be granted and the attached Order be entered, directing the United States to designate a proper witness (or witnesses, as appropriate) in response to the Second Amended Notice by no later than June 20, 2012, and produce said designee(s) for deposition beginning on June 28, 2012 at 600 13th Street, NW, Washington, DC 20005.

Dated: June 15, 2012

Respectfully submitted,

s/ Amandeep S. Sidhu

T. Reed Stephens (admitted *pro hac vice*)
David O. Crump (admitted *pro hac vice*)
Amy H. Kearbey (admitted *pro hac vice*)
Amandeep S. Sidhu (admitted *pro hac vice*)
MCDERMOTT WILL & EMERY LLP
600 13th Street, NW
Washington, DC 20005
Tel: (202) 756-8000
Fax: (202) 756-8087
Email: trstephens@mwe.com
Email: dcrump@mwe.com
Email: asidhu@mwe.com

Anthony N. Upshaw
Fla. Bar. No. 0861091
MCDERMOTT WILL & EMERY LLP
333 Avenue of the Americas
Suite 4500
Miami, FL 33131
Tel: (305) 358-3500
Fax: (305) 347-6500
Email: aupshaw@mwe.com

*Counsel to Defendants Halifax Medical Center and Halifax Staffing, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States District Court for the Middle District of Florida using the CM/ECF system on June 15, 2012. I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.

s/ Amandeep S. Sidhu
Amandeep S. Sidhu

## CERTIFICATE OF GOOD FAITH CONFERENCE

In accordance with Local Rule 3.01(g) and the Amended Case Management and Scheduling Order at II.A., I hereby certify that I have conferred with counsel for Plaintiff United States regarding this Motion to Compel before filing, and the parties have been unable to agree on the resolution of this Motion.

s/ Amandeep S. Sidhu
Amandeep S. Sidhu
