# EXHIBIT 1



**U.S. Department of Justice**

Civil Division

JRB:MDG:PMFitzgerald
46-17m-1812

Patricia M. Fitzgerald
(202) 305-3713

_____

*Washington, DC 20530*

April 27, 2012

***VIA ELECTRONIC AND U.S. MAIL***

Theodore Reed Stephens, Esq.
McDermott, Will & Emery LLP
600 13th Street, N.W.
Washington, DC 20005

> Re: *U.S. ex rel. Baklid-Kunz v. Halifax Hospital Medical Center, et al.,*
> Case No. 6:09-CV-1002-ORL-31 DAB (M.D. Fla.)

Dear Mr. Stephens:

I write to object to the Notice of Videotaped 30(b)(6) Deposition that Defendants Halifax
Hospital Medical Center and Halifax Staffing, Inc. ("Halifax") served on the United States on
April 13, 2012.

### A. Proper Party to be Noticed

Your notice is directed to "Plaintiff United States of America." While the United States is the
party bringing this lawsuit, your notice of 30(b)(6) deposition should be directed at either the
Department of Health and Human Services (HHS) or the Centers for Medicare and Medicaid
Services (CMS). Rule 30(b)(6) states that a notice or subpoena may name "a government
agency," not the entire United States. In its Complaint in Intervention, the United States stated
that it was bringing the case "on behalf of" HHS and CMS. (Compl. ¶ 6.) Therefore, HHS and
CMS will designate someone to testify on their behalf for this deposition.

### B. Length of Deposition

The notice also states, "The deposition will continue from day to day until completed." This is
contrary to the Court's Amended Case Management and Scheduling Order dated January 3, 2012
(Dkt. 92). The Case Management Order states that "Absent leave of the Court or stipulation by
the parties, each deposition is limited to one day of seven hours." (Dkt. 92, p. 3.) The parties
have not stipulated that 30(b)(6) depositions may last longer than one day of seven hours, and
Halifax may not unilaterally decide to lengthen the amount of time for its deposition. If,
however, Halifax would like to negotiate with the United States as to extending the amount of
time permitted for 30(b)(6) depositions, we would be willing to have such negotiations.

**C.  Subject Matters for Deposition**

Topic 1.  The United States objects to the first topic of Halifax's 30(b)(6) notice on the grounds that "all facts set forth in the Complaint" (1) does not follow the requirement of Rule 30(b)(6) to "describe with reasonable particularity the matters for examination," and (2) appears intended to elicit attorney work product.  The information supporting the allegations in the complaint would be better sought through Requests for Production, which Halifax has already served and which the United States is in the process of responding to, and Interrogatories, including those to which the United States has already responded.

Several courts have found that a broad 30(b)(6) topic requesting testimony on all facts does not meet the "reasonable particularity" requirement.  *E.g.*, *Gossar v. Soo Line Railroad Co.*, 2009 WL 3570335, at *2 (S.D. Ind. Oct. 27, 2009) (granting motion for a protective order as to topic of 30(b)(6) deposition that would "require [defendant] to marshal all of its factual proof and then provide it to Plaintiffs at the 30(b)(6) deposition"); *Lipari v. U.S. Bancorp, N.A.*, 2008 WL 4642618, at *6 (D. Kan. Oct. 16, 2009) (30(b)(6) notice requesting testimony on the entire complaint is overly broad and does not meet "reasonably particularity" requirement); *Sheehy v. Ridge Tool Co.*, 2007 WL 1548976, at *4 (D. Conn. May 24, 2007) ("a simple notice pleading . . . does not . . . satisfy the 'reasonable particularity' standard of Rule 30(b)(6)"); *Skladzien v. St. Francis Regional Med. Ctr.*, 1996 WL 807353, at *1 (D. Kan. Dec. 19, 1996) (30(b)(6) notice requesting testimony on all facts that the defendant has denied "does not provide with reasonable particularity the matters on which examination is requested").

Due in part to the lack of specificity, it is unclear to us what the purpose and scope of Topic 1 is intended to be.  We are not sure what would be accomplished by having a witness merely reiterate the facts already identified in the complaint.  If Halifax intends to question a 30(b)(6) witness on Topic 1 with questions that go beyond the actual facts set forth in the Complaint, such testimony would invade attorney work product.  In *United States v. District Council of New York City and Vicinity of the United Brotherhood of Carpenters and Joiners of America*, the court found that a notice of 30(b)(6) deposition served on the United States Attorney's Office requesting testimony on various topics, including the facts concerning or supporting the allegations in the complaint, to be improper because it seeks information protected by the work-product privilege.  1992 WL 208284, *11-14 (S.D.N.Y. Aug. 18, 1992).  The fact that the Government designated a non-attorney to testify as to the topics did not affect the application of the privilege because "what [the designee] knows has either been told to her by plaintiff's counsel, or learned on direction of counsel in supervising her investigation and trial preparation, her selective revelation of information will no doubt . . . reveal how they are preparing to try and prove their case."  *District Council*, at *12.  *See also Resolution Trust Co. v. Kazimour*, 1993 WL 13009325 at *3 (N.D. Iowa 1993) (30(b)(6) notice on a topics concerning "all facts upon which [the party] bases its allegations," are better suited to contention interrogatories).

Here, the United States has already responded to document requests providing Halifax with all documents it identified in its complaint, responded to document requests providing Halifax with all documents supporting various allegations in the complaint, responded to interrogatories listing all individuals and organizations with whom it has had contact regarding the issues in the

complaint, and responded to interrogatories identifying which contract provisions for which physicians the United States alleges violate the Stark Law.

Topic 2. The United States objects to Topic 2 of Halifax's notice of 30(b)(6) deposition on the grounds that (1) it is overbroad and unduly burdensome because it calls for testimony on "any historical change"; and (2) the subject matters of Topic 2 do not relate to claims on which the United States is a party; therefore the proper course of action for Halifax would be a Rule 45 subpoena, which would require Halifax to comply with *Ragan v. Touhy*, 340 U.S. 462 (1951). CMS' *Touhy* regulations may be found at 45 C.F.R. Part 2. *See Securities and Exchange Commission v. Biopure Corp.*, 2006 WL 2789002, at *3 (D.D.C. Jan. 20, 2006) ("'If the Government is a party, Rule 30(b)(6) certainly applies to it; however, when it is not a party, the availability of a subpoena is governed by Rule 45.'" (quoting *AlohaCare, Inc. v. Haw. Dep't of Human Servs. (In re: Subpoena Duces Tecum to Tommy G. Thompson* ), Misc. No. 04-498 (D.D.C. June 28, 2005)). However, the United States will interpret your 30(b)(6) as a Rule 45 subpoena issued under the relevant *Touhy* regulations and CMS will provide a witness to address these topics, provided that we are able to come to an agreement regarding the temporal scope of Topic 2.

Topics 3 and 4. The United States objects to Topics 3 and 4 of Halifax's notice of 30(b)(6) deposition on the grounds that they (1) seek legal conclusions; (2) seek information that invades attorney work product; (3) are unduly burdensome because they improperly seek to depose opposing counsel; and (4) seek information that is better suited to interrogatories.

Courts have found that 30(b)(6) depositions seeking legal conclusions are improper. *E.g.*, *Goss Int'l Americas, Inc. v. MAN Roland, Inc.*, 2006 WL 1134930, at *3 (D.N.H. April 28, 2006) (denying motion to compel 30(b)(6) testimony because "claim construction is a matter of law, and legal contentions are not a proper subject for factual discovery"); *SmithKline Beecham Corp. v. Apotex Corp.*, 2004 WL 739959, at *3 (E.D. Pa. March 23, 2004) (legal positions should be ascertained through interrogatories not depositions because "[i]t would be very difficult for a non-attorney witness to answer such questions at a deposition").

Moreover, Halifax is seeking information that can only be given by counsel. Courts have found depositions of attorneys to be unduly burdensome. In *SEC v. Buntrock*, the court found that a notice of 30(b)(6) deposition to the SEC for a variety of topics that were "basically . . . the results of the SEC's investigation" to be improper because it sought "if not the deposition of opposing counsel, then the practical equivalent thereof." 217 F.R.D. 441, 443, 445 (N.D. Ill. 2003). *See also FTC v. U.S. Grant Resources, LLC*, 2004 WL 1444951, at *9-10 (E.D. La. June 25, 2004); *SEC v. Rosenfeld*, 1997 WL 576021, at *2 (S.D.N.Y. Sept. 16, 1997); *EEOC v. HBE Corp.*, 157 F.R.D. 465, 466 (E.D. Mo. 1994).

Topic 5. The United States objects to Topic 5 on the grounds that it improperly seeks the deposition of counsel, which is disfavored, and seeks information that is better suited to be sought through interrogatories.

In response to the general issue of the treatment of the documents that were the subject of Halifax's motion for a protective order, the United States first became aware that it may have

some of the 31 documents that are the subject of Halifax's Motion for a Preliminary Injunction at the beginning of January, 2012, when relator's opposition to the Motion for a Preliminary Injunction noted that two of the documents Halifax claimed were privileged had been produced to the United States. Adam Schwartz promptly notified you by letter that the United States was aware that Halifax had produced some of these documents to the United States and that the Government was sequestering those documents on its database. No hard copies or other electronic copies of those documents existed at that time. Relator's counsel never provided any of these documents to DOJ trial counsel. Prior to that time, in the fall of 2011, DOJ trial counsel enlisted the support of another attorney, Jeff Gleason, in the Fraud Section, with no other association to this case, to serve as a taint attorney and to review documents relator identified as potentially privileged. DOJ trial counsel is not aware if any of the documents reviewed by Mr. Gleason were later the subject of Halifax's Motion for a Preliminary Injunction. Mr. Gleason sequestered these documents and has not shared them with DOJ trial counsel. No other person in the Fraud Section or on the DOJ trial team reviewed or handled these documents, and Mr. Gleason's copy is the only copy that exists. Mr. Gleason subsequently reviewed these documents as part of the April 3, 2012, meet and confer regarding privileged material.

\*     \*     \*

The United States objects to Halifax's notice of 30(b)(6) deposition on the foregoing grounds and requests that Halifax withdraw its notice. Please respond to this letter by Wednesday, May 2, 2012, so that we may schedule a meet and confer and prepare a motion, if necessary, in advance of the noticed May 18, 2012, deposition if you are not willing to withdraw the notice.

Sincerely,

Patricia M. Fitzgerald
Trial Attorney
Commercial Litigation Branch

cc (via electronic mail):

Amy H. Kearby                                   Bruce J. Berman
David O. Crump                                  Adam P. Schwartz
Amandeep S. Sidhu                               Carlton Fields
Anthony N. Upshaw
McDermott, Will, and Emery

Gabriel Imperato
Broad and Cassel

Christopher C. Casper                           Scott C. Withrow
John R. Newcomer, Jr.                           Jeffrey R. Holm

Elaine Stromgren
James, Hoyer, Newcomer & Smiljanich, P.A.

Marlan B. Wilbanks
Ty M. Bridges
Wilbanks & Bridges, LLP

Ralph E. Hopkins
United States Attorney's Office for the
 Middle District of Florida

Terrence McQuade
Withrow, McQuade & Olsen, LLP

Susan S. Gouinlock
Susan Gouinlock Ltd., Law Offices