UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA,
ex. rel. and ELIN BAKLID-KUNZ, Relator,

    Plaintiffs,

v.                                    Case No.  6:09-cv-1002-Orl-31TBS

HALIFAX HOSPITAL MEDICAL CENTER,
d/b/a Halifax Health, a/k/a Halifax Community
Health System, a/k/a Halifax Medical Center
and HALIFAX STAFFING, INC.,

    Defendants.
_____

## ORDER

Pending before the Court are:

(1)     Defendants Halifax Hospital Medical Center and Halifax Staffing, Inc.'s Motion to Compel Plaintiff United States to Designate a 30(b)(6) Witness (Doc. 120);

(2)     Memorandum of Law in Support of Defendants Halifax Hospital Medical Center and Halifax Staffing, Inc.'s Motion to Compel Plaintiff United States to Designate a 30(b)(6) Witness (Doc. 121);

(3)     Plaintiff United States of America's Memorandum in Opposition to Defendants' Motion to Compel Plaintiff United States to Designate a 30(b)(6) Witness (Doc. 122);

(4)     Defendants Halifax Hospital Medical Center and Halifax Staffing, Inc.'s Supplemental Motion to Compel Plaintiff United States to Designate a 30(b)(6) Witness (Doc. 125);

(5)     Memorandum of Law in Support of Defendants Halifax Hospital Medical Center and Halifax Staffing, Inc.'s Supplemental Motion to Compel Plaintiff United States to Designate a 30(b)(6) Witness (Doc. 126);

(6)     Reply in Support of Defendants' Motion to Compel Plaintiff United States to Designate a 30(b)(6) Witness (Doc. 128)

(7)     Plaintiff United States of America's Memorandum in Opposition to Defendants' Supplemental Motion to Compel Plaintiff United States to Designate a 30(b)(6) Witness (Doc. 133).

For the following reasons, Defendants motion to compel (Doc. 120) is due to be denied and Defendants supplemental motion to compel (Doc. 125) is due to be granted in part and denied in part.

## I. Background

Relator brings this qui tam action under the Civil False Claims Act ("FCA"), 31 U.S.C. §§ 3729-3733, generally alleging Defendants received improper and excess compensation from the federal government and Defendants paid illegal kickbacks, profit-sharing incentives and other illegal compensation to physicians. (Doc. 29).  The United States of America ("United States") intervened on behalf of the Department of Health and Human Services ("HHS") and the Centers for Medicare & Medicaid Services ("CMS"), to sue Defendants for damages resulting from false claims submitted to the Medicare and Medicaid programs in violation of the FCA.  (Doc. 73).  In its Complaint in Intervention, the United States alleges the presentation of false claims (Count I), the use of false statements to get false claims paid (Count II), the use of false records material to an obligation to pay (Count III), unjust enrichment (Count IV), and payment by mistake (Count V).  (Id.). Defendants deny all allegations of wrongdoing.  (Docs. 47 and 112).

On May 22, 2012, Defendants issued their Second Amended Notice of Videotaped 30(b)(6) Deposition (the "Notice"), setting the deposition of HHS and CMS for June 6, 2012 in Washington, D.C.  (Doc. 121-1 at 42-58).  The United States objected to the Notice and on June 1, 2012, counsel met and conferred in an attempt to resolve the objections.  (Doc. 126 at 3).  At the meeting, the United States agreed to produce a witness in response to some but not all of the designated areas of inquiry.  (Id.).  However, the United States said the two people in the government with the most knowledge of the topics to which it did not object would not be available until August 2012.  (Id. at 4).  The United States does not

wish to provide a less knowledgeable witness or prepare other individuals to appear in lieu of its most knowledgeable witnesses. (Doc. 133 at 2-3). A review of the docket reveals that the United States has not filed a motion for protective order.

Defendants filed their motion to compel on June 15, 2012 (Doc. 120) and their supplemental motion on July 11, 2012 (Docs. 125 and 126). In the supplemental motion, they contend that the United States has failed to cooperate in the timely scheduling of a deposition on those topics it does not object to which has prejudiced Defendants' ability to develop the facts and experts. (Docs. 125 and 126). In its responses to both motions, the United States asserts that it has complied with parts of the Notice and the remaining parts are objectionable because they improperly seek privileged information and legal testimony from an attorney representing the United States. (Docs. 122 and 133). The topics to which the United States objects are:

> 1. With respect to the USA's Complaint in Intervention:
>
>     a. Description of how the USA determines whether an instrumentality, such as Halifax Staffing, or a wholly-owned subsidiary, is a separate entity from its corporate parent for purposes of determining ownership of assets and other contractual rights.
>
>     . . . .
>
>     3. The USA's identification and factual explanation of the following topics related to the Stark Law:
>
>     . . . .
>
>     g. Laws, regulations, policies and guidance to the health care industry on how a provider should measure Fair Market Value for employed and non-employed emergency room physicians and their services (as referenced in Schedule A);
>
>     h. Laws, regulations, policies, and guidance to the health care industry on how a provider should measure Fair Market Value for employed and non-employed psychiatrists and their services (as referenced in Schedule A);

        i. Laws, regulations, policies, and guidance to the health care industry on how a provider should measure Fair Market Value for employed and non-employed neurosurgeons and their services (as referenced in Schedule A):

        j. Laws, regulations, policies, and guidance to the health care industry on how a provider should measure Fair Market Value for employed and non-employed medical oncologists and their services (as referenced in Schedule A);

        k. Laws, regulations, policies, and guidance to the health care industry on how a provider should measure Fair Market Value for employed and non-employed oncological surgeons (as referenced in Schedule A);

. . . .

        m. Laws, regulations, policies, and guidance to the health care industry describing how to determine when physician compensation is based on the volume or value of referrals for both employed and non-employed physicians (as referenced in Schedule A);

        n. Laws, regulations, policies, and guidance to the health care industry on why Medicaid does not pay for health care services that violate the Stark Law (as referenced in Schedule A);

        o. Laws, regulations, policies, and guidance to the health care industry on how "billing incident to" services are relevant to Designated Health Services (as referenced in Schedule A); and

        p. Laws, regulations, policies, and guidance to the health care industry on how "billing incident to" services are relevant to the determination of the Fair Market Value of compensation for neurosurgeon, medical oncology, and oncological surgical services (as referenced in Schedule A).

    4. The USA's factual interpretation of laws, regulations, policies, and guidance to the health care industry governing how to determine whether a provider has offered or has solicited an inducement in exchange for actual or anticipated referrals (as referenced in Schedule A).

(Doc. 122 at 1-9).

II. Law

Federal Rule of Civil Procedure 26(b)(1) allows parties to obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense. "The discovery process is designed to fully inform the parties of the relevant facts involved in their case." U.S. v. Pepper's Steel & Alloys, Inc., 132 F.R.D. 695, 698 (S.D. Fla. 1990) (citing Hickman v. Taylor, 329 U.S. 495, 501 (1947)). "It is not a ground for objection that the information sought will be inadmissible at the trial if the information sought appears reasonably calculated to lead to discovery of admissible evidence." Dollar v. Long Mfg., N.C., Inc., 561 F.2d 613, 617 (5th Cir. 1977);[1] see Hoffman-La Roche Inc. v. Sperling, 493 U.S. 165, 179-80 (1989); FED. R. CIV. P. 26(b).

Although the scope of discovery is broad, there are limits. In Hickman v. Taylor, the Court recognized the work product privilege observing that "it is essential that a lawyer work with a certain degree of privacy, free from unnecessary intrusion by opposing parties and their counsel." 329 U.S. at 510-11. The work product privilege is codified in Rule 26(b)(3) of the Federal Rules of Civil Procedure and protects two types of work product. First, is fact work product which consists of "documents and tangible things . . . prepared in anticipation of litigation or for trial by or for another party or by or for that other party's representative . . . ." FED. R. CIV. P. 26(b)(3); Pepper's Steel, 132 F.R.D. at 697. Second, is work product consisting of "mental impressions, conclusions, opinions, or legal theories of an attorney or other representative of a party concerning the litigation." Pepper's Steel, 132 F.R.D. at 698. This is known as "opinion work product." Cox v. Administrator U.S. Steel & Carnegie, 17 F.3d 1386, 1422 (11th Cir. 1994). "[O]pinion work product enjoys a nearly absolute immunity

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down before October 1, 1981.

and can be discovered only in very rare and extraordinary circumstances." Id. (quoting In re Murphy, 560 F.2d 326, 336 (8th Cir. 1977)). The party asserting the work product privilege has the burden of demonstrating that the information sought warrants such protection. Bogle v. McClure, 332 F.3d 1347, 1358 (11th Cir. 2003); Jackson v. Geometrica, No. 304CV640J20HTS, 2006 WL 510059, at *1 (M.D. Fla. Mar. 2, 2006); Chase v. Nova Southeastern Univ., Inc., No. 11-61290-CIV, 2012 WL 2285915, at *4 (S.D. Fla. June 18, 2012).

      Rule 30(b)(6) permits a party to name a government agency as a deponent, and the named organization is required to designate "one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf[.]" FED. R. CIV. P 30(b)(6). While the United States must follow the same discovery rules as private parties, it enjoys additional privileges including the deliberative process privilege, law enforcement privilege, and state secrets privilege. SEC v. Merkin, No. 11-23585-Civ-Graham/Goodman, 2012 WL 2899387, at *4-5 (S.D. Fla. June 12, 2012); SEC v. Rosenfeld, No. 97Civ1467(RPP), 1997 WL 576021, at *3 (S.D.N.Y. Sept. 16, 1997).

    The party to whom a Rule 30(b)(6) deposition notice is directed has a duty to "'make a conscientious good-faith endeavor to designate the persons having knowledge of the matters sought [by the party noticing the deposition] and to prepare those persons in order that they can answer fully, completely, unevasively, the questions posed . . . as to the relevant subject matters.'" Catalina Rental Apartments, Inc. v. Pacific Ins. Co., Ltd., No. 06-20532-Civ, 2007 WL 917272, at *2 (S.D. Fla. Mar. 23, 2007) (quoting Bank of New York v. Meridien BIAO Bank Tanzania Ltd., 171 F.R.D. 135, 151 (S.D.N.Y. 1997)).

    "[D]epositions, including 30(b)(6) depositions, are designed to discover facts, not

contentions or legal theories, which, to the extent discoverable at all prior to trial, must be discovered by other means." JPMorgan Chase Bank v. Liberty Mutual Ins. Co., 209 F.R.D. 361, 362 (S.D.N.Y. 2002). If the deponent fails to make a designation under Rule 30(b)(6), then the party seeking the discovery can move for an order compelling designation. FED. R. CIV. P. 37(a)(3)(B)(ii). The proponent of a motion to compel discovery bears the initial burden of proving that the information sought is relevant. Zorn v. Principal Life Ins. Co., No. CV 609-081, 2010 WL 3282982, at *2 (S.D. Ga. Aug. 18, 2010) (citing Canada v. Hotel Development-Texas, Ltd., No. 3-07-cv-1443-D, 2008 WL 3171940, at *1 (N.D. Tex. July 30, 2008)).

### III.  Discussion

The deposition topics to which the United States objects ask it to produce a witness to testify about how it makes legal determinations; the "identification and factual explanation" of "laws, regulations, polices and guidance" on issues of law; and to provide its "factual interpretation of laws, regulations, polices and guidance" on a legal issue. The use of the word "factual" in Topics 3 and 4 is of no consequence. The point of all these topics is to get the lawyers for the United States to disclose how they have interpreted and applied the law and government policies to the facts of this case. If the United States was required to produce a witness in response to these topics, it would necessarily have to provide its legal theories and positions on important issues. The United States would also have to reveal what facts its attorneys believe apply to these issues and how counsel intend to marshal the facts to support the United States' position. This information is opinion work product which is protected by the work product privilege. EEOC v. McCormick & Schmick's Seafood Restaurants, Inc., Civil Action No. WMN-08-CV-984, 2010 WL 2572809, at *4 (D. Md. June

22, 2010); FTC v. Cyberspy Software, LLC, No. 6:08-cv-1872-Orl-31GJK, 2009 WL 2386137, at *4 (M.D. Fla. July 31, 2009); SEC v. SBM Inv. Certificates, Inc., Civil Action No. DKC 2006-0866, 2007 WL 609888, at *23-24 (D. Md. Feb. 23, 2007); FTC v. U.S. Grant Resources, LLC, No. Civ. A. 04-596, 2004 WL 1444951, at *10 (E.D. La. June 25, 2004); SmithKline Beecham Corp v. Apotex Corp., No. 99-CV-4304, 00-CV-4888, 01-CV-0159, 01-CV-2169, 99-CV-2926, 00-CV-5953, 02-CV-1484, 00-CV-1393, 00-CV-6464, 01-CV-2602, 01-CV-1027, 01-CV-3364, 01-CV-2981, 03-CV-3365, 2004 WL 739959, at *3 (E.D. Pa. Mar. 23, 2004); SEC v. Buntrock, 217 F.R.D. 441, 445-46 (N.D. Ill. 2003); SEC v. Rosenfeld, No. 97 CIV. 1467 (RPP), 1997 WL 576021, at *2-4 (S.D.N.Y. Sept. 16, 1997); Pepper's Steel, 132 F.R.D. at 699.

It would be difficult and time consuming for the United States to prepare a non-lawyer witness to testify on these topics and the preparation of that witness would almost certainly result in the disclosure of work product privileged information so that the deposition of any non-lawyer would be the functional equivalent of deposing the attorneys for the United States.

Some courts, in similar circumstances, have suggested that the United States should produce a witness and then counsel can interpose objections and instruct the witness not to answer when appropriate. Merkin, 2012 WL 2899387, at *5; SEC v. Kramer, 778 F. Supp. 2d 1320, 1328 (M.D. Fla. 2011). This approach risks the disclosure of privileged information, it would increase the burden on the United States to prepare a witness, and it would increase the burden on this Court which would likely have to make many otherwise unnecessary decisions about issues of work product privilege.

Defendants' supplemental motion to compel asks the Court to order the United States

to produce witnesses in June whereas the United States says the witnesses are not available until August.  Thus, Defendants' supplemental motion is moot except that the Court will require the United States to produce the two previously unavailable witnesses within 30 days of the rendition of this Order unless the parties agree to a different time frame.

      Accordingly, it is ORDERED that:

      (1) Defendants Halifax Hospital Medical Center and Halifax Staffing, Inc.'s Motion to Compel Plaintiff United States to Designate a 30(b)(6) Witness (Doc. 120) is DENIED.

      (2) Defendants Halifax Hospital Medical Center and Halifax Staffing, Inc.'s Supplemental Motion to Compel Plaintiff United States to Designate a 30(b)(6) Witness (Doc. 125) is GRANTED in part.  The United States shall produce witnesses to testify on those topics to which objection has not been recorded, and for which a deponent has not already been provided, within thirty (30) days from the rendition of this Order, unless the parties agree to a different time frame.  In all other respects, the motion is DENIED.

      IT IS SO ORDERED.

      DONE AND ORDERED in Orlando, Florida, on August 14, 2012.

THOMAS B. SMITH
United States Magistrate Judge

      Copies to all Counsel