**UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

| | | |
|---|---|---|
| | § | |
| **UNITED STATES OF AMERICA** *ex rel.* | § | |
| **BAKLID-KUNZ,** | § | **Civ. Act. No. 6:09-CV-1002-** |
| | § | **ORL-31 GAP TBS** |
| **Plaintiff,** | § | |
| | § | **JUDGE Gregory A. Presnell** |
| **v.** | § | |
| | § | |
| **HALIFAX HOSP. MED. CTR, et al.** | § | |
| | § | |
| **Defendant.** | § | |
| | § | |

**UNITED STATES OF AMERICA'S STATEMENT OF INTEREST
ON RELATOR'S RENEWED MOTION
<u>FOR DETERMINATION OF DEFENDANTS' PRIVILEGE CLAIMS</u>**

Pursuant to this Court's Order dated March 12, 2012 (Dkt No. 108), the United States of America ("United States" or "Government") submits this Statement of Interest regarding Relator's Renewed Motion for Determination of Defendants' Privilege Claims ("Relator's Renewed Motion for Determination") (Dkt. No. 137). Although this discovery dispute ostensibly concerns documents in Relator's possession over which defendants Halifax Hospital Medical Center and Halifax Staffing, Inc. ("Halifax" or "Defendants") are asserting one or more privilege, the resolution of this matter also impacts the United States' efforts to fairly and expeditiously litigate this matter. In particular, the Government submits this brief to explain that Halifax has waived any potential privilege claims as to the following 28 documents: PTF 0003649; PTF 0008556, PTF 0005792; PTF 0001159; PTF 0002857; PTF 0002859; PTF 0008411; PTF 0001539; PTF 0008806; PTF 0008833; PTF 0008722; PTF 0008860; HAL 0005534; HAL 0028827; HAL 0030624; HAL 0032255; HAL 0033097; HAL 0033695; HAL 0005312; HAL 0330102; HAL 0242656; HAL 0347538; HLFX-PST 0294540; HLFX-PST

0294541; HLFX-PST 0295340; HLFX-PST 0295341; HAL-1 0133092; and HAL-1 0131004.

As neither Relator nor Defendants have produced the remaining documents at issue in Relator's

Renewed Motion for Determination to the United States, it cannot assess the validity of Halifax's

claims of privilege as to the remaining documents, and those documents are therefore not

addressed in this brief.

## I.     PRELIMINARY STATEMENT

As the Court is aware, Relator Elin Baklid-Kunz ("Relator"), an employee of Halifax

Staffing, Inc., brought this action on behalf of the United States alleging that Halifax violated the

False Claims Act, 31 U.S.C. § 3729 *et seq.* ("FCA")*,* by submitting claims that: 1) resulted from

referrals from neurosurgeons, oncologists, and psychiatrists with whom Halifax Hospital had

financial arrangements that violated the Stark law, 42 U.S.C. § 1395nn *et seq.*, and the Anti-

Kickback Statute, 42 U.S.C. § 1320a-7b(b); and 2) failed to meet Medicare criteria for admission

to the hospital because of a lack of medical necessity.

Based on the allegations in the complaint, the United States initiated an investigation of

various allegations raised by Relator.  As part of its FCA investigation, the United States

Department of Health and Human Services Office of Inspector General ("HHS OIG") issued

three administrative subpoenas for various documents maintained by Halifax.  The subpoenas,

two dated December 14, 2009, and the other dated August 9, 2010, required Halifax to identify

any document not produced by reason of a claim of privilege, and to provide to the United States

sufficient information to assess the validity of the privilege asserted.  *See* Subpoenas dated

December 14, 2009 and August 9, 2010 (attached as Exhibits 1-3 to the Declaration of Adam J.

Schwartz ("Schwartz Decl.")).  Halifax began producing documents pursuant to the subpoenas

on January 22, 2010, and continued to produce documents pursuant to the subpoena through

March 4, 2011.  Despite the explicit requirement that Halifax identify any documents being withheld on the basis of a claim of privilege, at no point during the United States' FCA investigation did Halifax produce a privilege log to the United States identifying documents withheld as privileged.

During the FCA investigation, the United States on April 6, 2011, met with Halifax to present its factual findings and to discuss its legal conclusions.  At that meeting, which both Halifax outside counsel and its general counsel attended, the United States incorporated into its presentation at least two documents over which Halifax now asserts claims of privilege.[1]  *See* Schwartz Decl., at ¶ 7.  During the presentation, Defendants asked the United States questions regarding the factual and legal conclusions it was drawing from the information contained in the documents.  *See id.*, at ¶ 7- 8.  At Defendants' counsel's request, the United States on April 14, 2011, also provided Halifax with a list of the documents it identified during the presentation.  *See id.*, at ¶ 9.  Halifax did not assert a claim of privilege as to any of the documents the United States used during the presentation either at the meeting or for almost a year thereafter.  Based in part on the materials produced by Halifax, the United States filed a notice of partial intervention in this matter on October 4, 2011.  *See* United States Notice of Partial Intervention (Dkt. No. 69).

While the United States was still conducting its FCA investigation, the case was unsealed.  *See* Order Unsealing Complaint (Dkt. No. 4).  Relator elected to continue to litigate the matter, and Relator and Halifax served discovery requests upon one another.  After Relator

---

1  These documents were produced by Halifax on March 4, 2011, as part of a 496 page production of materials specifically identified by Defendants as consisting of fair market value analyses and related materials used by Halifax to evaluate physician compensation.  *See* Letter from Theodore R. Stephens to Adam J. Schwartz and Robert Murphy (Mar. 4, 2011) (attached as Exhibit 4 to the Schwartz Decl.).

-3-

produced documents to Halifax in response to various requests for production of documents, Halifax in November 2011 advised Relator that she possessed numerous documents protected by the attorney-client or work-product privilege.  Relator disputed that the documents were privileged and asserted that if any were potentially privileged, Halifax had waived any privilege that may have existed as to the documents in dispute.  This disagreement resulted in numerous filings with the Court, including Halifax's Motion for a Preliminary Injunction (Dkt. No. 84), Halifax's Motion for Miscellaneous Relief (Dkt. No. 85), Relator's Motion for Determination (Dkt. No. 102), and, most recently, Relator's Renewed Motion for Determination (Dkt. No. 137).

On January 12, 2012, after reviewing Relator's Opposition to the Motion for a Preliminary Injunction (Dkt. No. 95), in which the Relator identified documents previously produced by Halifax to the United States over which Halifax belatedly-asserted claims of privilege as to the Relator, the United States advised Halifax that it would sequester the documents in question pending resolution of the dispute between Relator and Halifax.  *See* Letter from Adam J. Schwartz to Theodore R. Stephens (Jan. 12, 2012) (attached as Exhibit 5 to the Schwartz Decl.).   On March 5, 2012, approximately one year after Halifax stopped producing documents pursuant to the Government's administrative subpoenas, nearly a year after the Government and defense counsel had substantive discussions regarding some of the documents, and approximately three months after Relator alerted Halifax that it had produced allegedly privileged material to the United States, Halifax suddenly advised the United States that "it has come to our attention that we inadvertently produced certain documents in this matter that contain attorney-client or attorney work-product privileged materials."  Letter from Amandeep S. Sidhu to Adam J. Schwartz and Patricia Fitzgerald (Mar. 5, 2012) (attached as Exhibit 6 to the Schwartz Decl.).  Although Defendants initially provided no information to support the claim of

privilege over these documents, the United States sequestered the material in an abundance of caution.

## II.  HALIFAX'S CLAIMS OF PRIVILEGE AS TO DOCUMENTS PRODUCED TO THE UNITED STATES SHOULD BE DENIED

The United States agrees with Relator that Halifax's "production of many of the documents to the United States constituted waivers of the privilege, if any privilege had existed as to the documents."  Relator's Renewed Motion for Determination, at 2-3.  Previous decisions by this Court have balanced the following factors in determining whether a party has inadvertently waived a privilege:

> (1) the reasonableness of the precautions taken to prevent inadvertent disclosure, (2) the amount of time it took the producing party to recognize its error, (3) the scope of the production, (4) the extent of the inadvertent disclosure, and (5) the overriding interest of fairness and justice.

*United States Fidelity & Guaranty Co. v. Liberty Surplus Insurance Corp.*, 630 F. Supp. 2d 1332, 1336 (M.D. Fla. 2007) ("*Liberty Surplus*") (internal citation omitted).  Halifax was on notice no later than April 2011 that it had produced certain of these 28 documents to the United States without asserting any privilege, yet took absolutely no action whatsoever to notify the United States as to any claim of privilege for nearly a year.  Accordingly, the *Liberty Surplus* factors weigh in favor of a determination that Halifax has waived any privilege that may have existed over documents produced to the United States.

With respect to the first *Liberty Surplus* factor, Halifax did not take reasonable precautions to protect the allegedly privileged materials.  Halifax failed to provide a privilege log to the United States until March 19, 2012, when it was given a deadline to do so by the Court. *See* Order on Relator's Motion for Determination, at 2 (Dkt. No. 108).  Thus any assertion that Halifax has "provided a privilege log on a rolling basis" is incorrect as to the documents

-5-

provided to the United States pursuant to the HHS OIG subpoenas.  Given that the 28 documents

over which Halifax is now claiming privilege were produced at least one year, and in some

instances more than two years, prior to Halifax's production of a privilege log to the United

States, the inexcusable delay in asserting the privilege constitutes a waiver.  *See Pensacola*

*Firefighters' Relief Pension Fund Board of Trustees v. Merrill Lynch Pierce Fenner & Smith*,

265 F.R.D. 589, 592-94 (N.D. Fla. 2010) (failure to provide privilege log results in waiver of

privilege).

Similarly, Halifax did not act diligently in demanding the return of allegedly privileged

documents, and thus deserves no credit under the second *Liberty Surplus* factor.  Halifax was put

on notice as to its production of documents it now claims as privileged when the United States

incorporated some of these documents into a presentation given to Halifax on April 6, 2011.  *See*

Schwartz Decl., at ¶ 7.  Halifax raised no objection to the use of these documents at the meeting,

or when, at defense counsel's request, the United States provided a list of the documents used

during the presentation to Halifax.  *See id.*, at ¶ 9.  Halifax's delay belies its characterization of

the now-allegedly privileged documents as "inadvertent."

Halifax was again made aware of its production of allegedly privileged material to the

United States when Relator made reference to such documents in a letter to Defendants' counsel

dated December 20, 2011.  *See* Letter from Marlan B. Wilbanks to Amandeep S. Sidhu (Dec. 20,

2011) (attached as Exhibit 7 to the Schwartz Decl.).  Although Halifax currently takes the

position that these materials are protected by one or more privileges, it waited over two months

before alerting the United States to the production of allegedly privileged material.  Perhaps most

telling, Halifax waited until March 19, 2012, almost one year after it was put on notice as to its

production of documents over which it now asserts a claim of privilege, to provide a privilege

log to the United States asserting a basis for withholding the 28 documents in question.  *See Amgen Inc. v. Hoechst Marion Roussel, Inc.*, 190 F.R.D. 287, 292-93 (D. Mass. 2000) (delay of five days in asserting inadvertent waiver inappropriate when opposing counsel alerted party to potential issue).  Halifax's lack of timeliness in asserting privilege over these documents counsels in favor of waiver.

The third *Liberty Surplus* factor, the scope of the production and the extent of the inadvertent disclosure, also weighs in favor of a determination that the 28 documents Halifax now claims to have inadvertently produced to the United States are no longer privileged.  While the United States recognizes that Halifax has produced a large number of documents during this matter, Halifax nevertheless failed to produce a privilege log to the United States for more than a year after concluding its production of documents responsive to the HHS OIG subpoenas.  *See Ray v. Cutter Labs., Div. of Miles, Inc.*, 746 F. Supp. 86, 88-89 (M.D. Fla. 1990) (waiving privilege when one document out of a 157 page production privileged).  This failure suggests either that Halifax was utterly negligent in attempting to preserve any privilege, or that it did not actually believe the documents were privileged at the time of their production.  In either instance, the Court should conclude that any privilege that may have existed has been waived.  *See Liberty Surplus*, 630 F. Supp. 2d at 1341 (negligence of counsel does not provide relief from waiver of privilege).

Finally, the interests of fairness and justice, the fourth *Liberty Surplus* factor, counsel in favor of determining that Halifax waived any potential privilege as to documents produced to the United States.  After receiving these documents from Halifax, the United States used the material as part of its decision to partially intervene in this matter.  In fact, Halifax was well aware of the United States' interest in many of these very documents by virtue of the fact that some of the

documents Halifax now asserts are privileged were used in a face-to-face presentation made by the United States to Halifax and its outside counsel regarding many of the allegations in Relator's Amended Complaint.  Given that the United States has in good faith relied on the documents provided by Halifax to conduct its investigation, and even discussed some of the now allegedly-privileged documents with Halifax, the interests of fairness and justice weigh in favor of not recognizing Halifax's belated privilege claims as to the 28 documents.

<u>**CONCLUSION**</u>

For the foregoing reasons, the United States respectfully asks the Court to determine that Halifax did not timely assert attorney-client privilege or the attorney work-product doctrine as to the following 28 documents produced to the United States pursuant to the administrative subpoenas during the course of its investigation of this matter: PTF 0003649; PTF 0008556, PTF 0005792; PTF 0001159; PTF 0002857; PTF 0002859; PTF 0008411; PTF 0001539; PTF 0008806; PTF 0008833; PTF 0008722; PTF 0008860; HAL 0005534; HAL 0028827; HAL 0030624; HAL 0032255; HAL 0033097; HAL 0033695; HAL 0005312; HAL 0330102; HAL 0242656; HAL 0347538; HLFX-PST 0294540; HLFX-PST 0294541; HLFX-PST 0295340; HLFX-PST 0295341; HAL-1 0133092; and HAL-1 0131004.

Respectfully Submitted,

STUART F. DELERY
Acting Assistant Attorney General
Civil Division

ROBERT E. O'NEILL
United States Attorney
Middle District of Florida

-8-

RALPH E. HOPKINS
Fla. Bar No. 0972436
Assistant United States Attorney
501 W. Church Street, Suite 300
Orlando, FL  32805
Tel: (407) 648-7562
Fax: (407) 648-7588
Ralph.Hopkins@usdoj.gov

BY:        /s/ Adam J. Schwartz_____
JOYCE R. BRANDA
MICHAEL D. GRANSTON
ADAM J. SCHWARTZ
PATRICIA M. FITZGERALD
Civil Division
U.S. Department of Justice
Post Office Box 261
Ben Franklin Station
Washington, DC 20044
Tel: (202) 305-3148
Fax: (202) 514-0280
Adam.Schwartz2@usdoj.gov

August 17, 2012

Attorneys for the United States of America

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on August 17, 2012, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system.  I certify that all participants in the case are registered CM/ECF users and that service will be accomplished by the CM/ECF system.


/s/ Adam J. Schwartz
Adam J. Schwartz
United States' Trial Counsel

-10-