UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA,
ex. rel. and ELIN BAKLID-KUNZ, Relator,

    Plaintiffs,

v.                                                                                          Case No. 6:09-cv-1002-Orl-31TBS

HALIFAX HOSPITAL MEDICAL CENTER,
d/b/a Halifax Health, a/k/a Halifax Community
Health System, a/k/a Halifax Medical Center
and HALIFAX STAFFING, INC.,

    Defendants.

## ORDER

Pending before the Court are Defendants Halifax Hospital Medical Center and Halifax Staffing, Inc.'s (collectively "Halifax") Motion for Leave to Seal (Doc. 218), and Plaintiff United States of America's Motion to Seal Exhibits (Doc. 224). Both motions are due to be GRANTED.

### I. Background

Halifax has filed a Expedited Motion to Strike Portions of the Deposition Testimony of Thomas Garthwaite, Audrey Pike and Eric Peburn on the ground that when the witnesses were deposed they revealed attorney-client privileged information which should be stricken from the record. (Doc. 217). In the pending motion, Halifax seeks leave of Court to file under seal those portions of the deposition transcripts which contain the alleged privileged information. (Doc. 218). Counsel for Halifax represents that he has conferred with counsel for Plaintiffs and "both parties neither consent to, nor oppose, the motion." (Id. at 7).

The United States has filed a Motion to Preclude Evidence, or, in the Alternative, Motion to Compel and for Leave for Additional Deposition Testimony in which it seeks to "exclude evidence inconsistent with answers provided by [Halifax] to Plaintiff United States of America's Interrogatories 7 and 8." (Doc. 219 at 1). The United States is requesting leave of Court to file under seal, portions of the depositions of George Rousis and Eric Peburn "to demonstrate the inconsistent positions taken by Halifax throughout discovery." (Doc. 224 at 1). These depositions are subject to a Protective Agreement Governing the Disclosure of Confidential Information entered into by the United States and Halifax which requires that the transcripts be treated as confidential. (Doc. 224 at 2). Counsel for the United States represents that he has conferred with the other counsel in the case and they do not oppose the motion. (Id. at 3).

## II. Legal Standard

During the discovery process and pursuant to Federal Rule of Civil Procedure 26(c), a court may enter a protective order preventing the public disclosure of certain information or limiting how that information is used in the litigation. FED. R. CIV. P 26(c)(1)(H) provides:

> A party or any person from whom discovery is sought may move for a protective order in the court where the action is pending--or as an alternative on matters relating to a deposition, in the court for the district where the deposition will be taken. The motion must include a certification that the movant has in good faith conferred or attempted to confer with other affected parties in an effort to resolve the dispute without court action. The court may, for good cause, issue an order to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including . . . requiring that the parties simultaneously file specified documents or information in sealed envelopes, to be opened as the court directs.

FED. R. CIV. P. 26(c)(1)(H). Upon a showing of good cause by the party seeking protection, the Court must "balance the party's interest in obtaining access against the other party's

interest in keeping the information confidential." Chicago Tribune Co. et al. v. Bridgestone/Firestone, Inc. 263 F.3d 1304, 1313 (11th Cir. 2001). Courts have held that when balancing these interests, "the mere fact that the production of records may lead to a litigant's embarrassment, incrimination, or exposure to further litigation will not, without more, compel the court to seal its records." Graphic Packaging Int'l, Inc. v. C.W. Zumbiel, No. 3:10-cv-891-J-JBT, 2010 U.S. Dist. LEXIS 143284, at *3-4 (M.D. Fla. Oct. 27, 2010) (internal quotations and citations omitted).

In this Circuit, it is well settled that "[t]he operations of the courts and the judicial conduct of judges are matters of utmost public concern" and the integrity of the judiciary is maintained by the public's right of access to court proceedings. Romero v. Drummond Co., 480 F.3d 1234, 1245 (11th Cir. 2007) (citing Landmark Commc'ns, Inc. v.Virginia, 435 U.S. 829, 839 (1978)). The public's right "includes the right to inspect and copy public records and documents." Chicago Tribune, 263 F.3d at 1311. But, the public's right of access is not unfettered and does not apply to discovery. Romero, 480 F.3d at1245. Indeed, "the need for public access to discovery is low because discovery is 'essentially a private process . . . the sole purpose [of which] is to assist trial preparation.'" Id. (quoting United States v. Anderson, 799 F.2d 1438, 1441 (11th Cir. 1986)). And, "[t]he prospect of all discovery material being presumptively subject to the right of access would likely lead to an increased resistance to discovery requests." Chicago Tribune, 263 F.3d at 1312 n. 10.

Courts draw a distinction between documents filed with discovery motions and documents filed in connection with other types of motions. "'[T]here is a presumptive right of public access to pretrial motions of a nondiscovery nature, whether preliminary or dispositive, and the material filed in connection therewith.'" Romero, 480 F.3d at 1246

-3-

(quoting Leucadia, Inc. v. Applied Extrusion Techs., Inc., 998 F.2d 157, 164 (3d Cir 1993)). Material filed as part of a discovery motion is not subject to the common law right of access. Chicago Tribune, 263 F.3d at 1312.

"The common law right of access may be overcome by a showing of good cause, which requires 'balancing the asserted right of access against the other party's interest in keeping the information confidential.'" Romero, 480 F.3d at 1245 (quoting Chicago Tribune, 263 F.3d at 1313). In balancing these interests "courts consider, among other factors, whether allowing access would impair court functions or harm legitimate privacy interests, the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents." Id. at 1246. "Good cause is established by the moving party when disclosure will cause the party to suffer a clearly defined and serious injury." Vista India, Inc. v. Raaga, LLC, Case No. 07-1262, 2008 WL 834399 *2 (D.N.J. Mar. 27, 2009). The parties' agreement to seal court documents "is immaterial" to the public's right of access. Brown v. Advantage Eng'g, 960 F.2d 1013, 1016 (11th Cir. 1992).

### III. Analysis

Both motions present discovery issues. In order to decide Halifax's Expedited Motion to Strike Portions of the Deposition Testimony of Thomas Garthwaite, Audrey Pike and Eric Peburn the Court will need to know the substance of the witnesses' deposition testimony. And, if the testimony is privileged, the protection afforded by the attorney-client privilege should not be lost in the process of making that determination. This constitutes good cause to keep the testimony confidential, at least until the Court makes its decision.

To do otherwise would create a risk of harm to Halifax's interest in preserving the attorney-client privilege or alternatively, impair the Court's ability to do its job.  These circumstances, outweigh the public's right of access and establish good cause.  Accordingly, it is hereby ORDERED that Halifax's motion is GRANTED and it may file under seal, excerpts of the deposition testimony of Thomas Garthwaite, Audrey Pike and Eric Peburn wherein Halifax contends that they disclosed attorney-client privileged information.

Because the United States' request concerns a discovery issue, it is further ORDERED that its uncontested motion to seal is GRANTED and it may file under seal portions of the depositions of George Rousis and Eric Peburn in support of its motion to preclude evidence.

Unless otherwise ordered by the Court, all of these deposition excerpts shall remain sealed for one year.  See M.D. FLA. 1.09(c).

IT IS SO ORDERED.

DONE AND ORDERED in Orlando, Florida, on March 27, 2013.

THOMAS B. SMITH
United States Magistrate Judge

Copies to all Counsel