| | | Halifax Health Compliance Standards | Page 1 |
|---|---|---|---|
| **HALIFAX** HEALTH | Section | Legal | Approved: Compliance Dept. |
| | | | Effective: 11-1-07 |
| No: LL-101 | Title | Financial Arrangements; legal review and approval process | Revised: 12-19-2008 |

## A. Applicability

This policy is applicable to all Halifax Health entities and departments that approve, review, recommend or develop financial relationships with physicians or any other source of patient referrals, or an entity to whom patients are referred, including but not limited to the following departments:

Accounting                Legal
Administration            Patient Business and Financial Services
Compliance

## B. Policy

It is the policy of Halifax Health to ensure that financial arrangements with referral sources and entities to whom patients are referred are reviewed by the Legal Department and approved by an appropriate level of management.

## C. Background

Both federal and state law limits the types of financial arrangements that a health care organization can have with a physician, or other source of referrals, or an entity to which Halifax Health patients are referred. The federal Stark law prohibits a health care entity from billing certain services referred by a physician when the entity has a financial relationship with the physician, unless a statutory exception applies. Federal and state anti-kickback laws prohibit paying, receiving or offering remuneration when one purpose of the remuneration is to induce referrals for health care services. A number of "safe harbors" are defined in anti-kickback statutes and regulations whereby an arrangement will not result in a violation if one or more safe harbors apply to the arrangement. Legal review is necessary to ensure that financial arrangements fit within one or more of these exceptions and safe harbors.

Knowing violations of the Stark law can result in civil money penalties of $15,000 for each referred service, and up to $100,000 for schemes intended to circumvent the rules. Violations of the federal anti-kickback statute can result in civil money penalties of up to $25,000 for each violation. In addition, claims arising from referrals from a party to the financial relationship can result in liability under state and federal false claims statutes.

The Compliance Department in consultation with General Counsel will from time to time promulgate various policies covering financial relationships between Halifax Health entities and physicians and other referral sources (the "Policies"). Compliance with the Policies is required in all of the contracts with physicians and other referral sources, although exceptions may be made in certain circumstances where the facts demonstrate that an exception is appropriate. Any proposed exceptions must be discussed with and approved by General Counsel and immediate supervisors prior to committing to such non-conforming proposals. Such exceptions are discouraged and only permitted where the applicable legal requirements continue to be met.

| No: LL-101 | Financial Arrangements; Approval Process | Page 2 |
|---|---|---|

## D. Definitions

**Physician:** Physician means a doctor of medicine or osteopathy, a doctor of dental surgery or dental medicine, a doctor of podiatric medicine, a doctor of optometry, or a chiropractor. A physician and the professional corporation of which he or she is the sole owner are the same for purposes of this policy.

**Immediate family member** is defined by the Stark law as a spouse; natural or adoptive parent, child, or sibling; stepparent, stepchild, stepbrother or stepsister; father-in law, mother-in-law, son-in-law, daughter-in-law, brother-in-law, or sister-in-law; grandparent or grandchild; and the spouse of a grandparent or grandchild.

**Referral Source:** physician, immediate family member of a physician, home health agency, skilled nursing facility, assisted living facility, clinic, therapist, non-physician independent practitioners, hospice, home health agency, ambulatory surgery center, free-standing diagnostic testing facility or other person in position influence referrals of health care business payable by a public or private health benefit plan or program.

## E. Standards

1. Application

    a. This policy applies to any agreement or financial relationship involving any Referral Source.

    b. Subject agreements and financial relationships include, but are not limited to, physician recruiting agreements, loans, guarantees of physician loans, management services agreements, professional service agreements, employment agreements, physician expense reimbursement agreements, non-monetary compensation, medical staff benefits provided by a Halifax Health entity, and agreements for the provision of services or supplies (whether medically related or not), asset purchase and disposition agreements, equipment rentals and office space leases.

2. Requirement for Legal Review and Management Approval

    a. Legal review is required for any financial arrangement with a Referral Source.

    b. An appropriate approving authority must approve the financial relationship. Typically, the approving authority will be the Halifax Health executive(s) whose signature(s) is/are required on the Contract Cover sheet.

    c. The review and approval must be obtained even if the agreement complies in all respects with the applicable financial arrangement policies.

    d. It is not acceptable to obtain the appropriate approvals after making payments in accordance with the agreement.

    e. Commitments to physicians or other Referral Source must not be made until written approvals have been obtained from both the appropriate approving executive and the Legal Department.

3. Basic Requirements for Financial Arrangements

    In general, in compliance with 42 U.S.C. § 1395nn (commonly known as "Stark II") and the fraud and abuse safe harbors, an agreement with a Referral Source must:

    a. be in writing, signed by the parties;

    b. must specify the services covered (however, for the purchase of items or services by a physician, please refer to the Physician Purchasing Items or Services From the Facility Policy, LL.021);

HAL-1 0047124.doc                                                                              Printed: 11/3/2011 12:32:00 PM

    c. specify the timeframe for the arrangement;

    d. specify the consideration (*i.e.*, rent, purchase price, compensation);

    e. set the consideration in advance (with the exception of employment agreements), consistent with fair market value, for services or items actually provided without taking into account the value or volume of referrals or other business generated by the Referral Source; and

    f. be intended to obtain or provide an item or service that is reasonable and necessary for a legitimate business purpose.

Note: Additional legal requirements may apply depending on the type of arrangement. Review all other applicable Halifax Health policies before entering into an agreement with a Referral Source.

4. Informal Agreements, Side Agreements, Discussions, Amendments, Renewals

    a. Informal documents, such as "letters of intent," "letter agreements," or "memorandums of understanding" are subject to this policy, as are arrangements with physician-owned entities.

    b. Halifax Health entities must not enter into side agreements or arrangements (written or oral) with physicians.

    c. This policy applies to all amendments and extensions/renewals of agreements with a Referral Source.

    d. If at any time it appears that there have been discussions, correspondence or memoranda indicating an intent to obtain or reward referrals by way of an agreement, such agreement will not be approved.

5. Identification of physician immediate family members employed by Halifax Health

    a. An employment arrangement with an immediate family member of a physician creates a financial relationship with the physician.

    b. To facilitate legal review of such arrangements, the Compliance Department will solicit information about such relationships on forms collected from employees upon hire and upon which they acknowledge receipt of the Halifax Health Code of Conduct.

6. Use of outside counsel

Outside counsel may be consulted for complex financial arrangements such as ownership and investments interests and joint ventures. When outside counsel is deemed necessary, General Counsel will arrange for such services.

7. Documentation

Documentation evidencing compliance with this policy shall be maintained in the Legal Department and retained for six (6) years after the financial arrangement is no longer in affect.

8. Education and Awareness

The Compliance Department will prepare and disseminate educational materials on this policy. The Compliance Department will also maintain a financial arrangements resource page on the Halifax Health intranet (info.halifax.org > Compliance > A-Z Index > F > Financial arrangements).

## F. Implementation Guidance

Implementation guidance relating to this policy can be obtained from the Legal Department or the Compliance Department.

## G. Exhibits

None.

## H. References

42 U.S.C. § 1395nn;

42 U.S.C. § 1320a-7b;

42 C.F.R. § 1001.952(a)-(v)

60 Fed. Reg. 41914 (Aug. 14, 1995); 63 Fed. Reg. 1659 (Jan. 9, 1998);

66 Fed. Reg. 856 (Jan. 4, 2001); 69 Fed. Reg. 16054 (March 26, 2004)

72 Fed. Reg. 171 (9/5 2007)

42 C.F.R. Part 411, Subpart J—Financial Relationships Between Physicians and Entities Furnishing Designated Health Services

## I. Related Policies

Fraud and Abuse Compliance Policy (Hospital-wide manual)

Halifax Health Code of Conduct

LL-102 Professional Services Agreements

LL-103 Physician Recruiting Agreements

LL-104 Physician Equipment or Space Leases

LL-105 Physician Management Services Agreement/Business Office Services Agreements

LL-106 Physician Employment Policy

LL-107 Financial arrangements; Medical Practice Asset Acquisition

LL-108 Financial arrangements; incidental medical staff benefits and non-monetary compensation provided to physicians

LL-109 Financial arrangements; Loan Guaranties

LL-110 Financial arrangements; Non-Employed Physician Education Expenses

| No: LL-101 | Financial Arrangements; Approval Process | Page 5 |
|---|---|---|

LL-111 Financial arrangements; Providing Free/Discounted Training and Equipment to Referral Sources

LL-148 Financial arrangements; fair market valuations

## J. Revision History

| Date | Revision/Review | By |
|---|---|---|
| 2/19/08 | Policy created. | G.Rousis |
| 12/19/08 | Policy finalized after Legal Department review | G.Rousis |