## EXHIBIT 34



# HALIFAX MEDICAL CENTER
## CONTRACT COVER SHEET
(When completed – keep this original form with the contract and send a copy to Accounting)

Instructions: This sheet should be attached as the cover page of each contract during routing for signatures. The manager initially signing for HMC shall complete the information prior to forwarding the contract. The instructions for this sheet contain a listing of various types of contracts and the signatures required for each. If the particular type of contract is not listed, find the most similar type and forward as noted. No payment can be made prior to completion of this form and its receipt/processing by the accounting department.

SUMMARY OF TERMS:

Name of company, firm, etc: *William Kuhn, M.D.*

Service provided: *Neurosurgery – Employment*

Contract start date: *2/14/03*    Contract end date: *2/13/04; annual anniversary date August 1st*

Renewal/cancellation date: *Auto renew (90d notice)* Cost Center: _____
(This is the date by which intervention of renewal/cancellation must be given)    Subacct: _____

Company to invoice (?) *No - payroll*    Revenue or Expense (?) _____

Start payment date: _____    Last payment date: _____

Amount of each payment: $ _____    Subsequent payments: $ _____

Unequal payments: First payment: $ _____    Subsequent payments: $ _____

When are payments due (e.g. 15 days after end of month). Provide details _____
*Payroll*

Insurance requirements: _____    Contract section reference, if any _____

Other comments (including remittance address): _____

Any change to prior contract, please list: _____

Person to contact for contract questions: _____

Person to receive renewal reminder: _____

### SIGNATURES and ROUTING INSTRUCTIONS (see instructions and fill in names or N/A):

| REQUIRED SIGNATURES | DATE |
|---|---|
| Managers: | |
| Legal: *[signature]* | *3/26/3* |
| OTHER SIGNATURES (see second page) | |
| Administrator: */s/ Don Lang* | *as of 2/14/3* |
| Operations: | |
| Nursing: | |
| Materials Manager: | |
| Finance: | |

*Halifax 34(B)(6) 34*

CMSI Internal Control #: KUH-00956

HAI-1 0045548

CONFIDENTIAL/FOIA EXEMPT

## EMPLOYMENT AGREEMENT

THIS AGREEMENT is entered into by and between HALIFAX STAFFING, INC., hereinafter referred to as the "Company", and WILLIAM KUHN, M.D., hereinafter referred to as "Employee".

## WITNESSETH

In consideration of the covenants and agreements herein contained and the moneys to be paid hereunder, the Company agrees to hire Employee and Employee agrees to work for the Company upon the following terms and conditions:

1.    **Duties of Employee.**  Employee is employed by the Company to render neurosurgery services on behalf of Halifax Hospital Medical Center, a special taxing district, as outlined herein.  All duties performed hereunder shall be carried out with that level of care, skill, and treatment which, in light of all relevant surrounding circumstances, is recognized as acceptable and appropriate by reasonably prudent and similar neurosurgeons.  The Employee's duties shall also include: keeping and maintaining appropriate records relating to all professional services rendered by Employee under this agreement; preparing in connection with such services all reports, claims and correspondence necessary and appropriate in the circumstances; and taking reasonable steps to maintain and improve his professional skills.  The Company shall not participate in or interfere with the exercise of medical judgment by the Employee or in the care or treatment of patients by the Employee;  provided, however, that the medical care rendered by the Employee at all times meets the standards of performance called for by Florida law and as set forth in this Agreement.

2.    **Devotion of Time to Practice of Medicine.**  The Employee shall practice full time providing services pursuant to this Agreement.  The Employee remains free to pursue other professional activities, so long as they do not conflict or interfere with his responsibilities hereunder.  Services rendered pursuant to this Agreement shall be provided only at facilities served or approved by the Halifax Hospital Medical Center special taxing district.

3.    **Compensation.**  The Company shall pay to Employee as compensation for services the following:

    a.    An Annual Base Salary of $325,000.00.  Payments will be made on a bi-weekly basis.

    b.    An incentive compensation equal to all net collections for Employee's services hereunder which exceed the Annual Base Salary.

    c.    Any other reasonable compensation as determined by the Company from time to time.

-1-

CONFIDENTIAL /FOIA FXFMPT

The Employee's compensation under this Agreement in the best judgment of the Company is, and must at all times be consistent with the principles under which the Company and the Halifax Hospital Medical Center special taxing district are obligated to conduct their affairs, including federal and state laws, rules, regulations and guidelines regarding Medicare, and including the rules and regulations of the Internal Revenue Service and the Florida Department of Revenue that are applicable to tax exempt organizations. The parties agree to renegotiate this Agreement if any provision no longer complies with such laws, rules, and regulations, or if the amount of time spent by the Employee providing services hereunder varies significantly from the parties' expectations.

4.　**Term of Agreement.** The effective date of this Agreement shall be the 14ᵗʰ day of ___February___, 2003. The term of this Agreement shall be for one (1) year; however, unless otherwise terminated as provided for herein, an additional year shall be added to the term of this Agreement each August 1st upon the completion of every twelve month period. Nevertheless, the continuing benefit of this Agreement may be evaluated at any time by request of either party.

5.　**Expenses.** The Company shall pay the following expenses relating to Employee's service for the Company:

a.　All drugs, supplies and professional equipment, as approved through the budgetary process.

b.　Professional office space, as well as expenses for appropriate furnishing and maintenance of said office space, and appropriate general premises liability insurance coverage in accordance with Company policies.

c.　License fees, membership dues in professional associations and reasonable subscriptions to professional journals, and professional medical textbooks.

d.　Reasonable expenses incurred in connection with medical meetings, conventions, continuing medical education, and business entertainment expenses in accordance with Florida law.

e.　Reasonable fees for cellular phone service, beeper service, advertising and marketing.

f.　Reasonable rates for professional liability insurance for the Employee's practice through Halifax Insurance Plan, Inc..

g.　A monthly automobile allowance of $900.00.

h.　One non-physician employee for the efficient operation of the Employee's practice.

-2-

c:mydocuments/contracts/physicians/kuhn
01/14/03

CONFIDENTIAL /FOIA EXEMPT

HAL-1 0045550

i.      One Physician Assistant, all of whose billings and collections shall accrue to Halifax Hospital Medical Center, without exception.

6.      **Sovereign Immunity**. In all respects pursuant to this Agreement, the Employee shall be acting as an agent of the Halifax Hospital Medical Center special tax district. As such, the Employee is entitled to sovereign immunity, pursuant to this Agreement, Florida Statutes §768.28 and all other applicable law. The Company may elect to purchase liability coverage on behalf of the Employee for Services provided pursuant to this Agreement. The existence of such coverage shall not constitute a waiver of sovereign immunity. It shall be the Employee's responsibility to obtain liability coverage for any actions taken beyond the scope of this Agreement.

7.      **Patient Billing**. The Employee shall assign to Halifax Hospital Medical Center, in writing, his professional fee for all services rendered pursuant to this Agreement. The Company shall accept responsibility for billing patients and third party payors for such services, and all payments received shall accrue to Halifax Hospital Medical Center without exception. The parties agree to indemnify and hold each other harmless for all actions, errors and omissions committed in regards to patient billing, and agree that all billing activities will be conducted in accordance with all applicable state and federal laws, rules, and regulations.

8.      **Professional Policies and Procedures**. Employee agrees to comply with the policies and procedures of the Company and the Halifax Hospital Medical Center special taxing district so long as they are reasonable and do not violate any law or professional ethics and do not impede the Employee from exercising his own medical professional judgment. No policy shall prohibit the Employee from displaying his name at the Employee's practice location. The Employee may not relocate his practice without the consent of both parties, unless this Agreement is terminated.

Employee shall notify the Company and Halifax Hospital Medical Center as follows, in writing, after any of the following events:

(i)     a malpractice claim or any similar legal proceeding against the Employee is threatened or is actually filed within three (3) business days of notice of the claim or proceeding;

(ii)    an event occurs or an illness or other situation develops that substantially interrupts all or a portion of the Employee's professional practice or that will in all likelihood within the next ninety (90) days materially adversely affect the Employee's ability to perform his duties under this Agreement, within three (3) business days of the event; or

(iii)   the occurrence of an incident which the Employee knows or should know is likely to give rise to a malpractice claim if all the facts were known to the patient or patient's family, within three (3) business days of the incident.

-3-

c:mydocuments/contracts/physicians/kuhn
01/14/03

CONFIDENTIAL/FOIA EXEMPT                                                      HAL-1 0045551

The Employee shall comply with those provisions of law that affect reimbursement for professional services rendered by the Employee. Furthermore, the Employee will not, either by action or inaction, do or cause anything that would adversely affect reimbursement payment to Halifax Hospital Medical Center or which would adversely affect Halifax Medical Center's Medicare provider status.

9.  **Continuing Medical Education**. Employee shall be entitled to attend one (1) approved seminar for Continuing Medical Education each year. Time spent in CME activity may not exceed two (2) weeks per year, without prior written consent of the Company.

10.  **Termination of Agreement**.

a.  Either of the parties may voluntarily elect to terminate this Agreement at any time provided that the party electing to terminate must deliver to the other party written notice of such intention to terminate not less than ninety (90) days prior to the date upon which termination is desired.

b.  The Company or Halifax Hospital Medical Center may terminate this Agreement at any time if Employee becomes unfit to properly practice medicine because of any good and sufficient cause, including but not limited to commission of any felony or misdemeanor involving moral turpitude, failure to take call or provide timely coverage, neglect of patients, behavior which discredits the Company or Halifax Hospital Medical Center, or abuse of alcohol or drugs, or any violation of the Medical Practice Act; or if Employee becomes legally disqualified to render professional services as a physician within the State of Florida; or is no longer on the staff at Halifax Medical Center, with Active or Associate Staff privileges in neurosurgery. Such termination shall be effective upon the delivery of written notice thereof to Employee or at such later time as may be designated in said notice. In the event of any such termination for cause, the Employee shall be entitled to all rights of appeal provided to other Company employees pursuant to Company policy and the Employee Handbook.

c.  All terms and conditions of Employee's employment with the Company are provided in this Agreement. Employee's fair hearing rights under the Bylaws of any hospital medical staff of which the Employee is a member continue to apply to Employee's medical staff and clinical privileges at said facility but are not applicable to the termination or renewal of this Agreement. Any dispute arising from this Agreement shall be handled by a court of competent jurisdiction.

d.  This Agreement shall terminate upon the death of the Employee. Notwithstanding termination as a result of such death, however, the Company shall continue to carry out any provisions under this Agreement which contemplate performance subsequent to such termination. Furthermore, such termination shall not affect any liability or other obligation of any party hereto which accrued prior to such termination. In the event of death of the Employee resulting in termination of this Agreement, patients then under the care of the

-4-

c:mydocuments/contracts/physicians/kuhn
01/14/03

CONFIDENTIAL/FOIA EXEMPT

Employee shall be cared for by other physician employees of the Company, if such patients so elect.

        e.      In the event of a material breach of this Agreement, the non-breaching party shall give the breaching party written notice, that specifies the nature of the breach, and requests that the breach be cured. The breaching party shall have fifteen (15) days from the date such notice is received in which to cure the breach to the reasonable satisfaction of the non-breaching party. If the breach is not so cured, the non-breaching party shall have the right, at its discretion, to immediately terminate the Agreement.

        11.    **Limitations of Authority**. Without the express written consent from the Company, Employee shall have no apparent or implied authority to:

        a.      Pledge the credit of the Company or any of its other Employees;

        b.      Bind the Company under any contract, agreement, note, mortgage or otherwise;

        c.      Subject to policies adopted by the Company, release or discharge any debt due the Company unless the Company has received the full amount thereof;

        d.      Sell, mortgage, transfer or otherwise dispose of any assets of the Company.

        12.    **Invalid Provisions**. The invalidity or unenforceability of a particular provision of this Agreement shall not affect the other provisions hereof, and the Agreement shall be construed in all respects as if such invalid or unenforceable provisions were omitted.

        13.    **Modification**. No change or modification of this Agreement shall be valid unless the same be in writing and signed by the parties hereto. Notwithstanding any other provisions of this Agreement, if the governmental agencies which administer or enforce Medicare or Medicaid or if any other federal or state regulatory body or agency passes, issues, interprets or promulgates any law, rule, regulation, standard, guideline or interpretation while this Agreement is in effect which prohibits, restricts, limits or in any way materially adversely affects the rights or obligations hereunder of either the Company or the Employee then either party may give the other party notice of intent to amend this Agreement to the satisfaction of the noticing party, to compensate or adjust for such prohibition, restriction, limitation, or materially adverse effect; provided, however, that the reduction in Medicare or Medicaid reimbursement rates instituted by the agencies administering such programs shall not give the Company the right to send any such notice of intent to amend.

        If the parties are unable to mutually agree to amend this Agreement in writing within thirty (30) days after such a notice is given, then either party may terminate this Agreement without further liability. However, if the implementation of any law, rules,

-5-

c:mydocuments/contracts/physicians/kuhn
01/14/03

regulation, standard, guideline or interpretation which gave rise to the perceived need to amend this Agreement is stayed on account of any administrative appeal or any suit filed in a court of competent jurisdiction, then the right to amend or terminate as set in this section above shall also be stayed during the period of such administrative or court ordered stay.

14.   **Applicable Law and Binding Effect**.  This Agreement shall be construed and regulated under and by the laws of the State of Florida, and shall inure to the benefit of and be binding upon the parties hereto and their heirs, personal representatives, successors and assigns. Venue shall be with the appropriate court having jurisdiction in Volusia County, Florida.

15.   **Attorneys' Fees**.  In the event any litigation is brought to enforce the terms of this Agreement, the prevailing party in such action shall recover from the non-prevailing party all the prevailing party's reasonable costs and attorneys' fees incurred in such action.

16.   **Confidentiality**.  The parties agree that the terms of this contract are to be kept confidential and may not be disclosed to any third party without the prior written consent of both parties, except as required by law.  This paragraph shall survive the termination of this Agreement.

17.   **Notices**.  All notices provided for in this Agreement shall be made by certified mail, return receipt requested to the Employee at his/her primary place of business, and to the Company at Post Office Box 2830, Daytona Beach, Florida 32120-2830, Attention:  Chief Executive Officer, or such other address as requested in writing by the parties.

IN WITNESS WHEREOF, the undersigned have hereunto caused this Agreement to be executed on the date(s) indicated.

WILLIAM KUHN, M.D.                            HALIFAX STAFFING, INC.

_William B Kuhn_                              By: _____

Date:  _2/14/03_                              Date:  _2/14/03_

Witness: _____              Witness: _____

-6-

c:\mydocuments/contracts/physicians/kuhn
01/14/03

CONFIDENTIAL/FOIA EXEMPT

HAL-1 0045554



DAVID J. DAVIDSON
GENERAL COUNSEL
Board Certified by
The Florida Bar in Health Law

March 25, 2003

**Personal & Confidential**

William B. Kuhn, M.D.
311 North Clyde Morris Blvd., Ste. 310
Daytona Beach, FL 32114

  **Re: Post-Employment Accounts Receivable**

Dear Dr. Kuhn:

  This will confirm our discussion on March 21, 2003 concerning how we would handle accounts receivables outstanding upon termination of your employment agreement. As we discussed, should your employment end, all receivables generated during your employment would continue to accrue to Halifax. However, you would remain eligible to participate in any bonus programs, etc. to which you were entitled based upon your performance as an employee. You would be responsible for all billing and collection effective the first day you are no longer employed, and we would not object to your retention of patients.

  I trust this addresses your concerns. Please do not hesitate to contact me if you have any questions.

          Very truly yours,

          David J. Davidson
          General Counsel

:dsk

*An Integrated Health System Incorporating the Facilities and Affiliates of Bert Fish Medical Center and Halifax Medical Center*
*Providing a Full Range of Health Services to Florida's Funcoast*

303 N. Clyde Morris Blvd. • P.O. Box 2830 • Daytona Beach, FL 32120-2830 • (386) 254-4340 • Fax (386) 254-4371

CONFIDENTIAL/FOIA EXEMPT              HAL-1 0045555