**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**USA and ELIN BAKLID-KUNZ,**

    **Plaintiffs,**

**v.**                                              **Case No: 6:09-cv-1002-Orl-31TBS**

**HALIFAX HOSPITAL MEDICAL**
**CENTER and HALIFAX STAFFING,**
**INC.,**

    **Defendants.**

## ORDER

This matter comes before the Court without a hearing on the Motion to Strike Declarations (Doc. 311) filed by the Relator, Elin Baklid-Kunz, and the response in opposition (Doc. 334) filed by the Defendants. The declarations at issue have been filed in support of a Motion for Summary Judgment filed by the Defendants (Doc. 292). Two of the declarations were made by psychiatrists – Dr. Caliendo and Dr. Moore -- who negotiated contracts with the Defendants; the other was made by an administrator – Chuck Flavio -- who participated in the Defendants' negotiations with a third psychiatrist, Dr. Frick. With minor distinctions, the declarations consist of statements to the effect that the negotiations were done in good faith and on equal footing, and that no improper compensation was offered or solicited.

The Relator argues that the declarations should be stricken because the Defendants failed to list the declarants in their Rule 26 disclosures. However, the compensation paid to the three psychiatrists is one of the fundamental issues in the Relator's case and all three are named in her pleadings. In addition the Relator listed Flavio and two of the three psychiatrists in her own Rule

26 disclosures as individuals likely to have discoverable information. The Court sees no prejudice here resulting from the Defendants' failure to disclose the identities of these three declarants.

The Relator also argues that the declarations should be stricken because the declarants employ legal terms such as "good faith" and "personally-performed services." However, contrary to the Relator's assessment, the declarants are not purporting to express legal conclusions. The use of terms that are employed in legal contexts is not sufficient enough to "render[] such statements improper conclusory argument." (Doc. 311 at 8). The Relator also complains that Flavio's declaration "contains nothing but rank hearsay," "is not based upon [his] personal knowledge," and is, rather, "Chuck Flavio purporting to testify as to what Dr. Frick knew of believed." (Doc. 311 at 6). However, the Relator fails to quote a single passage from Flavio's declaration that demonstrates the truth of any of these complaints.

The Relator also complains that some of the facts set forth by the declarants are contradicted by other items of evidence. Even if this were true, mere contradiction does not constitute grounds for striking the declarations. The Relator offers other arguments, but they do not warrant discussion.

Accordingly, it is hereby

**ORDERED** that the Motion to Strike Declarations (Doc. 311) is **DENIED.**

**DONE** and **ORDERED** in Orlando, Florida on October 17, 2013.

_____
GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties