# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**USA and ELIN BAKLID-KUNZ,**

    **Plaintiffs,**

**v.**                                                    **Case No: 6:09-cv-1002-Orl-31TBS**

**HALIFAX HOSPITAL MEDICAL
CENTER and HALIFAX STAFFING,
INC.,**

    **Defendants.**

## ORDER

The United States has moved to exclude the expert report and testimony of Richard J. Henley (Doc. 304). Defendants oppose the Motion (Doc. 324).

On January 23, 2013, Defendants engaged Henley as a testifying expert with respect to non-profit hospital financial operations. (Doc. 304, Ex. A).[1] On February 11, 2013, Mr. Henley submitted his Rule 26(a)(2)(B) report. (Doc. 304, Ex. B). That report is a two-page letter that purports to "address the practical considerations for hospital decision-making in meeting community need and compensating physicians required to provide selected clinical services." *Id.*

Boiled down to its essence, Henley's opinion is that hospitals must serve the community's need for health care services. This requires necessary and appropriate facilities, equipment and personnel. Because hospitals must provide services, including high-cost specialty services (such as neurosurgery), to indigent patients, it is reasonable to compensate physicians in excess of what

---

[1] Mr. Henley has twenty-five years management experience in hospital operations and finance. (Doc. 324, Ex. 8). He is qualified under Fed.R.Evid. 702 to offer expert opinion in this area.

they can directly generate from professional fees.  Plaintiff contends that this report fails to meet the requirements of Fed.R.Civ.P. 26(a)(2)(B) and that this opinion would run afoul of Fed.R.Evid. 702.  (Doc. 304).

> Fed.R.Evid. 702 provides that:
>
>> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:
>>
>> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
>>
>> (b) the testimony is based on sufficient facts or data;
>>
>> (c) the testimony is the product of reliable principles and methods; and
>>
>> (d) the expert has reliably applied the principles and methods to the facts of the case.

As the Supreme Court recognized in *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, Rule 702 contemplates that the district court will serve as a gatekeeper to the admission of scientific testimony.  509 U.S. 579, 589, 113 S.Ct. 2786, 125 L.Ed.2d 469 (1993); *see also McCorvey v. Baxter Healthcare Corp.*, 298 F.3d 1253, 1256 (11th Cir.2002).  Under *Daubert* and its progeny, courts conduct a three-part inquiry to determine the admissibility of expert testimony, weighing whether:

> (1) [T]he expert is qualified to testify competently regarding the matters he intends to address; (2) the methodology by which the expert reaches his conclusions is sufficiently reliable as determined by the sort of inquiry mandated in Daubert; and (3) the testimony assists the trier of fact, through the application of scientific, technical, or specialized expertise, to understand the evidence or to determine a fact in issue.

*City of Tuscaloosa v. Harcros Chems., Inc.*, 158 F.3d 548, 562 (11th Cir.1998) (footnote omitted) (citing *Daubert*, 509 U.S. at 589, 113 S.Ct. 2786).

In their response, Defendants claim that "Henley is being offered to opine on the considerations a non-profit or public hospital takes into account when meeting community needs … and setting physician compensation." (Doc. 324 at 2). These considerations include: geography, patient mix, proximity of competing hospitals, community demographics, on-call requirements, and the general availability of physicians within a given specialty. (Doc. 304, Ex. 2). These considerations are offered in support Henley's opinion that it is commonplace (and commercially reasonable) for hospitals like Halifax to compensate physicians in excess of what they can generate from professional fees. (Doc. 324 at 7).

To the extent Henley testifies generally about hospital operations and the factors considered in setting physician compensation, it would be relevant, reliable and of assistance to the jury's understanding of the matter. However, his report is not specific to Halifax, as he makes no attempt to analyze these factors as they relate to Halifax physicians. Accordingly, his testimony at trial will be limited to the general concept disclosed in his report. He will not be allowed to relate this concept and the application of these factors to the compensation of Halifax's physicians. Specifically, he will not be allowed to testify as to whether Halifax's compensation decisions were commonplace or commercially reasonable. It is, therefore

**ORDERED** that said Motion is DENIED, provided, however, Henley's testimony will be limited as noted above.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on October 18, 2013.

_____
GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party