# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**USA and ELIN BAKLID-KUNZ,**

      **Plaintiffs,**

**v.**                                                                                 **Case No: 6:09-cv-1002-Orl-31TBS**

**HALIFAX HOSPITAL MEDICAL**
**CENTER and HALIFAX STAFFING,**
**INC.,**

      **Defendants.**

## ORDER

This matter comes before the Court without a hearing on the Motion to Exclude the Testimony of Ian Dew (Doc. 298) filed by the Defendants (henceforth, collectively, "Halifax"), the Motion to Exclude the Testimony of Donald Moran (Doc. 305) filed by the United States of America (henceforth, the "Government"), and the responses in opposition (Doc. 320, 327) to those motions.

In greatly simplified terms, the Government contends in this case that, *inter alia*, Halifax violated the Stark Law by submitting Medicare claims for services rendered pursuant to a referral from a physician with an improper financial relationship with Halifax. Ian Dew (henceforth, "Dew") was hired by the Government to compile a database of Medicare claims submitted by Halifax in which one of the physicians with an allegedly improper financial relationship was listed as an attending or operating physician on the Medicare claim form. Donald Moran (henceforth, "Moran") was hired by Halifax to opine on the Medicare claims process, and more particularly on the issue of whether the fact that a particular physician's name appears as an attending or

operating physician on a Medicare claim form establishes that the service at issue was performed pursuant to a referral from that physician.

Dew purports to be an expert in database creation and manipulation, while Moran purports to be an expert on the processing of health insurance claims. Neither side takes issue with the qualifications of the other's expert in these areas. Rather, Halifax argues that Dew lacks the legal expertise needed to establish that the claims included in his database resulted from the type of referrals that the Stark Act prohibits, while the Government argues that Moran should not be allowed to opine on the evidentiary effect of including a physician's name at particular locations on a Medicare claim form.

Both experts possess knowledge about complex subjects – database creation and manipulation on the one hand, and the background, evolution, and use of Medicare claims forms on the other – that would likely be of assistance to the jury in this case. And both experts' efforts could possibly be rendered moot, depending upon the resolution of the legal issue as to whether physicians listed as "operating" or "attending" on a Medicare claim form are necessarily referring physicians for purposes of the Stark Law. As that issue has yet to be resolved, the Court finds no grounds to exclude either witness.

In consideration of the foregoing, it is hereby

**ORDERED** that the Motion to Exclude the Testimony of Ian Dew (Doc. 298) and the Motion to Exclude the Testimony of Donald Moran (Doc. 305) are **DENIED.**

**DONE** and **ORDERED** in Orlando, Florida on October 24, 2013.

_____
GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

Case 6:09-cv-01002-GAP-TBS Document 379 Filed 10/24/13 Page 3 of 3 PageID 25762