# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**USA and ELIN BAKLID-KUNZ,**

        **Plaintiffs,**

**v.**                                                **Case No:  6:09-cv-1002-Orl-31TBS**

**HALIFAX HOSPITAL MEDICAL
CENTER and HALIFAX STAFFING,
INC.,**

        **Defendants.**

_____

## ORDER

Defendants, Halifax Hospital Medical Center and Halifax Staffing, Inc. ("Halifax") have moved to strike the expert report and preclude the testimony of Kathleen McNamara (Doc. 299). The United States opposes the motion (Doc. 323).

In support of its Stark Act claims, the US presented the report of Ms. McNamara (Doc. 300-2) and disclosed her as an expert witness regarding the fair market value and commercial reasonableness of the compensation paid by Halifax to three of its neurosurgeons, Dr. Kuhn, Dr. Khanna and Dr. Vinas.  These issues are relevant to Halifax's claim that the compensation arrangements between Halifax and these neurosurgeons fall within the bona fide employee exception to the Act.

Mrs. McNamara is a CPA with over 20 years' experience as a healthcare consultant specializing in Medicare and Medicaid compliance issues.  Halifax makes no serious effort to attack her qualifications, and the Court finds that she is competent to express opinions in this field. Her opinions are also clearly relevant to this dispute.  Rather, Defendants' motion is predicated on

its contention that Mrs. McNamara's methodology is not sufficiently reliable to withstand a Rule 702, *Daubert* analysis.

In support of this contention, Halifax argues that McNamara's opinion regarding fair market value failed to consider certain relevant evidence (*e.g.* Halifax's own fair market value methodology), dismissed certain evidence as unreliable (*e.g.* the compensation per WRVU), relied on unsubstantiated allegations of non-compliance (*e.g.* improper billing and coding) and contained computational errors.

With respect to McNamara's commercial reasonableness opinion, Halifax again criticizes McNamara's failure to consider the method by which Halifax allegedly determined the commercial reasonableness of these compensation arrangements, and her reliance on other factors such as the inherent unprofitability of the arrangement.[1]  Halifax also takes issue with McNamara's use of "arbitrarily" chosen criteria when comparing the neurosurgeon compensation with other physicians practicing at Halifax.

Rule 702 requires the Court to exercise a gate-keeping function with respect to expert testimony, assuring that the witness is qualified, that the opinion is relevant to the dispute and is based on a sufficiently reliable methodology. *Hendrix ex rel G.P. v. Evenflo Co.*, 609 F.3d 1183, 1194 (11th Cir. 2010).  This gatekeeping function, however, does not include a determination of the persuasiveness of the proffered opinion.  Rather, the weight to be given this evidence is within the province of the jury.

The McNamara report and her proffered testimony satisfies the reliability prong of a *Daubert* analysis.  It is based on statistical data, salary surveys, valuation ratios and other observations that appear to be reasonable and supportable.  Accordingly, it is

---

[1]  The neurosurgeons received a base salary plus 100% of their collections in excess of that salary and other benefits.  In essence, they enjoyed an overhead-free practice at Halifax.

**ORDERED** that Defendants' Motion is DENIED.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on November 6, 2013.

_____
**GREGORY A. PRESNELL**
**UNITED STATES DISTRICT JUDGE**

Copies furnished to:

Counsel of Record
Unrepresented Party