# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**USA and ELIN BAKLID-KUNZ,**

      **Plaintiffs,**

**v.**                                                       **Case No: 6:09-cv-1002-Orl-31TBS**

**HALIFAX HOSPITAL MEDICAL
CENTER and HALIFAX STAFFING,
INC.,**

      **Defendants.**

## ORDER

This matter comes before the Court without a hearing on the Motion for Reconsideration (Doc. 422) filed by the Relator, Elin Baklid-Kunz, who seeks reconsideration of the order (Doc. 416) denying her motion for partial summary judgment.

The federal rules do not specifically provide for the filing of a "motion for reconsideration." *Van Skiver v. United States*, 952 F.2d 1241, 1243 (10th Cir. 1991), *cert. denied*, 506 U.S. 828, 113 S.Ct. 89, 121 L.Ed.2d 51 (1992). However, it is widely recognized that Rule 59(e) encompasses motions for reconsideration. 11 Charles Alan Wright, Arthur R. Miller, and Mary Kay Kane, FEDERAL PRACTICE & PROCEDURE 2D § 2810.1 (2007). In the interests of finality and conservation of scarce judicial resources, reconsideration is an extraordinary remedy, to be employed sparingly. *U.S. v. Bailey*, 288 F.Supp.2d 1261, 1267 (M.D.Fla. 2003). A busy district court need not allow itself to be imposed upon by the presentation of theories seriatim. *Union Planters Nat. Leasing, Inc. v. Woods*, 687 F.2d 117, 121 (5th Cir. 1982).[1] The decision to

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc), the United States

alter or amend a judgment is committed to the sound discretion of the district court. *O'Neal v. Kennamer*, 958 F.2d 1044, 1047 (11th Cir. 1992).

Appropriate circumstances for reconsideration include situations in which the Court has obviously misapprehended a party's position, or the facts, or mistakenly has decided an issue not presented for determination. *Anderson v. United Auto Workers*, 738 F.Supp.441, (D.Kan. 1990). Generally speaking, the authorities recognize four basic grounds upon which a Rule 59(e) motion may be granted.

> First, the movant may demonstrate that the motion is necessary to correct manifest errors of law or fact upon which the judgment is based. Second, the motion may be granted so that the moving party may present newly discovered or previously unavailable evidence. Third, the motion will be granted if necessary to prevent manifest injustice. Serious misconduct of counsel may justify relief under this theory. Fourth, a Rule 59(e) motion may be justified by an intervening change in controlling law.

11 Charles Alan Wright, Arthur R. Miller, and Mary Kay Kane, FEDERAL PRACTICE & PROCEDURE 2D § 2810.1 (2007).

Parties cannot use a Rule 59(e) motion to relitigate old matters, *Michael Linet, Inc. v. Village of Wellington, Fla.*, 408 F.3d 757, 763 (11th Cir. 2005), or to raise new legal arguments which could and should have been made during the pendency of the underlying motion, *Sanderlin v. Seminole Tribe of Florida*, 243 F.3d 1282, 1292 (11th Cir. 2001). To avoid repetitive arguments on issues already considered fully by the court, rules governing reargument are narrowly construed and strictly applied. *St. Paul Fire & Marine Ins. Co. v. Heath Fielding Ins. Broking Ltd.*, 976 F.Supp. 198 (S.D.N.Y. 1996).

---

Court of Appeals for the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit Court of Appeals handed down prior to the close of business on September 30, 1981.

In her motion, the Relator argues that this Court improperly allowed the Defendants to assert an affirmative defense – the Bona Fide Employment Exception to the Anti-Kickback Statute -- that they had not raised in their answer, thereby violating Fed.R.Civ.P. 8(c).  However, the Relator herself raised the issue of the exception in her Second Amended Complaint, asserting *inter alia* that the payments at issue "did not qualify for the statutory exclusion or regulatory safe harbor from the kickback referral prohibition for amounts paid to an employee".  (Doc. 295 at 64). [2]  The Defendants denied this assertion in their answer, thereby providing the Relator with notice that they believed that the exception applied.  The arguments raised by the Relator in the instant motion are, for the most part, simply reiterations of the arguments raised in her reply to the Defendants' response to her motion for partial summary judgment.  And all of those arguments fail to address the determination upon which the Court's decision turned:  that the answer gave the Relator notice of, and an opportunity to respond to, the Bona Fide Employee Exception defense, thereby achieving the objective of Rule 8(c).

In consideration of the foregoing, it is hereby

**ORDERED** that the Motion for Reconsideration (Doc. 422) is **DENIED**.

**DONE** and **ORDERED** in Orlando, Florida on December 4, 2013.

*/s/ Gregory A. Presnell*
GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties

---

[2] The Relator also raised the issue in her motion for partial summary judgment.  (Doc. 295 at 22).

