UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA,
ex. rel. and ELIN BAKLID-KUNZ, Relator,

    Plaintiffs,

v.                                                                      Case No.  6:09-cv-1002-Orl-31TBS

HALIFAX HOSPITAL MEDICAL CENTER,
d/b/a Halifax Health, a/k/a Halifax Community
Health System, a/k/a Halifax Medical Center
and HALIFAX STAFFING, INC.,

    Defendants.

## ORDER SEALING EXHIBITS

This case comes before the Court on Defendants Halifax Hospital Medical Center and Halifax Staffing, Inc.'s Motion for Leave to File under Seal (Doc. 431).  The motion seeks leave of Court to file: (1) Dr. Palega's expert report, (2) Dr. Palega's declaration and referenced exhibits in support of Halifax's Motion to Strike, and (3) excerpts from Jessica Schmor's deposition taken on December 9, 2013 under seal.  As grounds Defendants state that these documents contain Protected Health Information ("PHI") as defined in 45 C.F.R. § 160.103.  (Id. p. 2).  Defendants represent that Relator Elin Baklid-Kunz does not oppose their motion.  The Court previously entered a stipulated Order to safeguard PHI contained in patient records sought by the parties.  (Doc. 267).  It has also previously sealed Dr. Palega's expert report to protect the confidentiality of PHI.  (Doc. 428).

In this Circuit, it is well settled that "[t]he operations of the courts and the judicial conduct of judges are matters of utmost public concern" and the integrity of the judiciary is maintained by the public's right of access to court proceedings.  Romero v. Drummond Co.,

480 F.3d 1234, 1245 (11th Cir. 2007) (citing Landmark Commc'ns, Inc. v.Virginia, 435 U.S. 829, 839 (1978)).  The public's right "includes the right to inspect and copy public records and documents."  Chicago Tribune, 263 F.3d at 1311.  But, the public's right of access is not unfettered and does not apply to discovery.  Romero, 480 F.3d at1245.  Indeed, "the need for public access to discovery is low because discovery is 'essentially a private process . . . the sole purpose [of which] is to assist trial preparation.'"  Id. (quoting United States v. Anderson, 799 F.2d 1438, 1441 (11th cir. 1986).  And, "[t]he prospect of all discovery material being presumptively subject to the right of access would likely lead to an increased resistance to discovery requests."  Chicago Tribune, 263 F.3d at 1312 n. 10.

     Courts draw a distinction between documents filed with discovery motions and documents filed in connection with other types of motions.  "'[T]here is a presumptive right of public access to pretrial motions of a nondiscovery nature, whether preliminary or dispositive, and the material filed in connection therewith.'"  Id. at 1246 (quoting Leucadia, Inc. v. Applied Extrusion Techs., Inc., 998 F.2d 157, 164 (3d Cir 1993)).  Material filed as part of a discovery motion is not subject to the common law right of access.  Chicago Tribune, 263 F.3d at 1312.  Here, Defendants seeks to file documents under seal in connection with their motions to strike the reports of Relator's expert witnesses Jessica Schmore and Doug Steinley and to exclude or limit their testimony.  (Docs. 429-430).

     "The common law right of access may be overcome by a showing of good cause, which requires balancing the asserted right of access against the other party's interest in keeping the information confidential."  Romero, 480 F.3d at 1245 (quoting Chicago Tribune, 263 F.3d at 1313). In balancing these interests "courts consider, among other factors, whether allowing access would impair court functions or harm legitimate privacy interests,

the degree of and likelihood of injury if made public, the reliability of the information, whether there will be an opportunity to respond to the information, whether the information concerns public officials or public concerns, and the availability of a less onerous alternative to sealing the documents." Id. at 1246.  "Good cause is established by the moving party when disclosure will cause the party to suffer a clearly defined and serious injury." Vista India, Inc. v. Raaga, LLC, Case No. 07-1262, 2008 WL 834399 *2 (D.N.J. Mar. 27, 2009).  The parties' agreement to seal court documents "is immaterial" to the public's right of access.  Brown v. Advanatage Eng'g, 960 F.2d 1013, 1016 (11th Cir. 1992).

     The Court finds that the legitimate privacy interests of the patients whose PHI is disclosed in the documents in question outweighs the degree of and likelihood of injury if the information is made public.  The Court also finds that it requires access to this information to decide the motions to strike compel; the information does not concern public officials or public concerns; and there is no available option less onerous than sealing the information.  Accordingly, the motion is GRANTED.  The Clerk of Court shall accept the following documents for filing under seal: (1) Dr. Palega's expert report, (2) Dr. Palega's declaration and referenced exhibits in support of Halifax's Motion to Strike, and (3) excerpts from Jessica Schmor's deposition taken on December 9, 2013.  These documents shall remain under seal until further Court order or the conclusion of this case, including appeals.  Upon the conclusion of the case, it is the parties' responsibility to retrieve and dispose of these documents.

     IT IS SO ORDERED.

DONE AND ORDERED in Orlando, Florida, on the 16th day of December, 2013.

THOMAS B. SMITH
United States Magistrate Judge

Copies to all Counsel of Record