# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**USA and ELIN BAKLID-KUNZ,**

    **Plaintiffs,**

**v.**                                                      **Case No:   6:09-cv-1002-Orl-31TBS**

**HALIFAX HOSPITAL MEDICAL
CENTER and HALIFAX STAFFING,
INC.,**

    **Defendants.**

## ORDER

This matter comes before the Court on the Motion to Strike the Expert Report of Jessica Schmor and to Exclude or Limit her Testimony (Doc. 430) filed by the Defendants, and the response in opposition (Doc. 439) filed by the Relator, Elin Baklid-Kunz.

### I.  Background

Jessica Schmor ("Schmor") is a registered nurse with an extensive background in medical coding and billing practices.  In her supplemental report,[1] dated October 16, 2013, Schmor analyzed a sample of short-stay admissions at Halifax Hospital and concluded that only 30 percent had documentation sufficient to support the inpatient level of care billed to Medicare.[2]

---

[1] Relator no longer intends to rely on the statistical extrapolation included in Schmor's initial report.  (Doc. 439 at 6 n.2).

[2] On December 21, 2012, Schmor issued a preliminary report extrapolated from a sample of 34 patient records involving chest pain complaints during a six-month period in 2007.

**II.      Legal Standards**

Federal Rule of Evidence 702 governs the introduction of expert testimony.   In pertinent part, it provides:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

From the reference to "scientific knowledge" and the condition that it "will assist the trier of fact," the Supreme Court has interpreted Rule 702 to require that expert testimony on scientific matters have the following interconnected attributes:

- that it be "scientific," having a "grounding in the methods and procedures of science";

- that it bear the hallmarks of "knowledge," which "connotes more than subjective belief or unsupported speculation"; and

- that it "assist the trier of fact" or "fit" a matter at issue, meaning that it expresses scientific knowledge as to the proposition for which it is offered.

*Daubert v. Merrill Dow*, 509 U.S. 579, 592 (1993).   Even though Daubert dealt only with "scientific" knowledge, the Supreme Court has subsequently acknowledged that its principles apply to all varieties of expert testimony.   *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 147, 119 S.Ct. 1167, 1174, 143 L.Ed.2d 238 (1999).

Under Rule 702 and *Daubert*, the district courts must act as "gatekeepers," admitting expert testimony only if it is both reliable and relevant.   *Rink v. Cheminova, Inc*., 400 F.3d 1286, 1291 (11th Cir. 2005), *cert. den*., 126 S.Ct. 419 (2005).   The burden of laying the proper

foundation for the admission of expert testimony is on the party offering the expert, and admissibility must be shown by a preponderance of the evidence. *Cook v. Sheriff of Monroe County, Florida*, 402 F.3d 1092, 1107 (11th Cir. 2005) (internal citation omitted). In assessing whether this burden has been met and whether the proffered testimony is sufficiently reliable, the Court should consider the following factors: (1) whether the testimony can be or has been verified by the scientific method through testing; (2) whether the underpinnings of the testimony have been subject to peer review; (3) the known or potential rate of error in the witness=s technique(s); and (4), if the circumstances might allow for it, whether the substance of the testimony has gained acceptance in the relevant scientific community. *See Daubert*, 509 U.S. at 593-94; Rink, 400 F.3d at 1291-92.

### III.     Analysis

Defendants contend that Schmor's testimony does not comport with Rule 702 because she is not qualified to render this opinion, that her methodology is flawed and that her testimony will not be helpful to the jury. These contentions have no merit.

Schmor, a registered nurse, has 12 years' worth of experience in nursing, more than 6 years' worth of experience in medical coding and billing, and numerous certifications in these fields. Yet Defendants attack her credentials, primarily by asserting that a nurse (and presumably anyone else) "is not clinically qualified to offer opinions second-guessing the judgment of the physicians who concluded it was medically necessary to admit the patient. (Doc. 430 at 4). In other words, according to the Defendants' logic, the admitting physician's decision to admit a patient is unassailable. If this were true, the medical necessity of inpatient admissions would be insulated from legal review and sanction, which is clearly not the case.[3] Thus, Schmor is qualified

---

[3] Furthermore, the Government's Rule 30(b)(6) witness, David Duvall, testified that

to conduct a medical necessity review of short-stay admissions at Halifax and opine as to the error rate observed.

In conducting her review, Schmor used recognized industry criteria, including Milliman Care Guidelines, McKesson's InterQual Criteria, and clinical review judgment.   The Defendants do not attack the reliability of Schmor's methodology *per se*, but rather the statistical sample used by her for the review.   That sample was drawn by another of Relator's experts, Douglas Steinley, and the validity of the method by which he did so will be addressed in a separate order.   The purported flaws in the resulting sample noted by the Defendants go to the weight of the evidence, not its admissibility.   Accordingly, the method used by Schmor to conduct her review satisfies the reliability prong of Rule 702.

Finally, Schmor's testimony will clearly assist the jury.   Medicare billing is a complicated subject, beyond the knowledge or understanding of the average lay person, and the Defendants do not suggest otherwise. It is, therefore,

**ORDERED** that the Motion to Strike the Expert Report of Jessica Schmor and to Exclude or Limit her Testimony (Doc. 430) is **DENIED**.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on January 8, 2014.

_____
GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party

---

medical necessity reviews "do not typically require a physician."   (Doc. 352-2 at 58-59).   *See also United States v. Diaz*, 2008WL906725 (S.D.Fla. March 28, 2008).