# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**USA and ELIN BAKLID-KUNZ,**

       **Plaintiffs,**

**v.**                                    **Case No:   6:09-cv-1002-Orl-31TBS**

**HALIFAX HOSPITAL MEDICAL
CENTER and HALIFAX STAFFING,
INC.,**

       **Defendants.**

_____

## ORDER

This matter comes before the Court on the Motion to Strike the Expert Report of Douglas Steinley and to Exclude or Limit his Testimony (Doc. 429) filed by the Defendants, and the response in opposition (Doc. 440) filed by the Relator, Elin Baklid-Kunz.

### I.    Background

Dr. Steinley holds a Ph.D. in quantitative psychology and is a professor of psychology at the University of Missouri, with a specialty in medical statistics.   On October 31, 2013, Dr. Steinley issued a report using a sample of 104 patient records and the opinion of another of the Plaintiff's experts, Jessica Schmor, regarding overpayment for short stay admissions, to extrapolate a damages calculation of $80,869,638.40.   The Defendants contend that Steinley's report and related testimony do not satisfy Rule 702 and should be excluded.[1]

---

[1] Dr. Steinley conducted an analysis in 2012 based on a smaller sample ("Data Set 1"), and this analysis was used by Ms. Schmor in her preliminary report.   Relator no longer relies on Dr. Steinley's 2012 analysis.   Therefore, the Defendants' argument regarding the validity of the Data Set 1 is moot.

## II.      Legal Standards

Federal Rule of Evidence 702 governs the introduction of expert testimony.   In pertinent part, it provides:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the product of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

From the reference to "scientific knowledge" and the condition that it "will assist the trier of fact," the Supreme Court has interpreted Rule 702 to require that expert testimony on scientific matters have the following interconnected attributes:

- that it be "scientific," having a "grounding in the methods and procedures of science";

- that it bear the hallmarks of "knowledge," which "connotes more than subjective belief or unsupported speculation"; and

- that it "assist the trier of fact" or "fit" a matter at issue, meaning that it expresses scientific knowledge as to the proposition for which it is offered.

*Daubert v. Merrill Dow*, 509 U.S. 579, 592 (1993).   Even though Daubert dealt only with "scientific" knowledge, the Supreme Court has subsequently acknowledged that its principles apply to all varieties of expert testimony.   *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 147, 119 S.Ct. 1167, 1174, 143 L.Ed.2d 238 (1999).

Under Rule 702 and *Daubert*, the district courts must act as "gatekeepers," admitting expert testimony only if it is both reliable and relevant.   *Rink v. Cheminova, Inc*., 400 F.3d 1286, 1291 (11th Cir. 2005), *cert. den*., 126 S.Ct. 419 (2005).   The burden of laying the proper

foundation for the admission of expert testimony is on the party offering the expert, and admissibility must be shown by a preponderance of the evidence.   *Cook v. Sheriff of Monroe County, Florida*, 402 F.3d 1092, 1107 (11th Cir. 2005) (internal citation omitted).   In assessing whether this burden has been met and whether the proffered testimony is sufficiently reliable, the Court should consider the following factors: (1) whether the testimony can be or has been verified by the scientific method through testing; (2) whether the underpinnings of the testimony have been subject to peer review; (3) the known or potential rate of error in the witness=s technique(s); and (4), if the circumstances might allow for it, whether the substance of the testimony has gained acceptance in the relevant scientific community.   *See Daubert*, 509 U.S. at 593-94; Rink, 400 F.3d at 1291-92.

### III.   Analysis

Defendants do not seriously question Dr. Steinley's expertise in the field of medical statistics.   Nor do they suggest that such expert testimony would not be helpful to the jury in understanding the quantification of damages claimed by Relator for unnecessary short-stay admissions.   Rather, the focus of the Defendants' argument is on the validity of the sample used by Dr. Steinley.

Using a Halifax spreadsheet of 21,554 short-stay admissions between January 1, 2002 and March 2013, Dr. Steinley drew a random sample of 104 claims for analysis by Ms. Schmor.   This sample appears to have been drawn using recognized statistical principles.   Yet, the Defendants attack the sample as being too small and unrepresentative of the various practice areas at Halifax Hospital.   In essence, the Defendants criticize the result of the sample rather than the reliability of the method by which it was chosen.   This criticism is based, however, on argument of counsel

with little factual support, and goes to the weight of the evidence rather than its Rule 702 admissibility.   It is, therefore,

**ORDERED** that the Motion to Strike the Expert Report of Douglas Steinley and to Exclude or Limit his Testimony (Doc. 429) is **DENIED.**

**DONE** and **ORDERED** in Chambers, Orlando, Florida on January 8, 2014.

_____
**GREGORY A. PRESNELL**
**UNITED STATES DISTRICT JUDGE**

Copies furnished to:

Counsel of Record
Unrepresented Party