# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

**ELIN BAKLID-KUNZ,**

**Relator,**

**v.** **Case No: 6:09-cv-1002-Orl-31TBS**

**HALIFAX HOSPITAL MEDICAL CENTER,**

**Defendant.**

---

## ORDER

This matter comes before the Court on the Omnibus Motion in Limine (Doc. 492) filed by the Relator, Elin Baklid-Kunz.

**I. Legal Standard**

Broadly speaking, a motion in limine may be defined as a request, generally made before a trial has begun, "to exclude anticipated prejudicial evidence before it is actually offered." *Luce v. United States*, 469 U.S. 38, 40 n.2 (1984). Although in limine rulings are not binding on a trial court and remain subject to reconsideration during the trial itself, *id.* at 41-42, motions in limine provide notice to the trial judge of the movant's position so as to avoid the introduction of damaging evidence, which may irretrievably affect the fairness of the trial, *Stewart v. Hooters of America, Inc.*, 2007 WL 1752873 (M.D.Fla. June 18, 2007). A pretrial motion in limine may also have the salutary effect of reducing the number of interruptions during the trial itself. *Bradley v. Pittsburgh Bd. of Educ.*, 913 F.2d 1064, 1069 (3d Cir. 1990).

While the list is not exhaustive, courts generally recognize that a motion in limine is proper where:

> (1) the trial court has directed that evidentiary issue be resolved before trial; (2) the evidentiary material is highly prejudicial or inflammatory and would risk mistrial if not previously addressed by the trial court; (3) the evidentiary issue is significant and unresolved under the existing law; (4) the evidentiary issue involves a significant number of witnesses or substantial volume of material making it more economical to have the issue resolved in advance of the trial so as to save time and resources of all concerned; or (5) the party does not wish to object to the evidence in the presence of the jury and thereby preserves the issue for appellate review by obtaining an unfavorable ruling via a pretrial motion in limine.

75 Am. Jur. 2d Trial § 39.

Unless the evidence is clearly inadmissible on all possible grounds, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy, and potential prejudice may be resolved in proper context. *See generally* 21 FED. PRAC. AND PROC. EVIDENCE § 5037.10 (2d ed.). A ruling in limine does not "relieve a party from the responsibility of making objections, raising motions to strike or making formal offers of proof during the course of trial." *Thweatt v. Ontko*, 814 F.2d 1466, 1470 (10th Cir.1987).

**II. Application**

Upon consideration of the motion, the responses as noted below and argument of counsel at the pre-trial conference on June 12, 2014, it is hereby

**ORDERED** as follows:

I. **Relator's adoption of the Government's motions in limine as to evidence of treble damages and penalties** (Doc. 474) (Response at Doc. 502) **and effect of judgment on Halifax's financial condition** (Doc. 477) (Response at Doc. 521)

As to the first motion, granted in part as stated at June 12, 2014 Pre-Trial Conference. See Transcript of June 12, 2014 Pre-Trial Conference (henceforth, "Transcript"), Doc. 652 at 55-61. As to the second, granted as stated in this Court's order (Doc. 533) on the Government's

motion in limine, although this ruling does not preclude evidence of Halifax's business model as a non-profit community hospital.

II. **Government's Failure to Intervene** (Response at Doc. 515)

Granted to the extent noted at the June 12 Pre-Trial Conference. See Transcript at 64-66.

III. **Advice of Counsel Defense, and Sovereign Immunity** (Response at Doc. 515)

Denied as moot, as Halifax has stipulated that it will not raise an advice of counsel defense or claim that it is entitled to sovereign immunity.

III. **Character Evidence About Relator**[1] (Response at Doc. 517)

Denied without prejudice and reserved for trial.

IV. **Recovery Audit Contractor ("RAC") Audits or Reviews** (Response at Doc. 508)

The use and extent of this evidence will be resolved at trial. See Transcript at 67-71.

V. **Relator's Share** (Response at Doc. 512)

Denied without prejudice. The fact that Relator would share in the total recovery is admissible. See Transcript at 57-61.

VI. **Defendant's Charitable Activities** (Response at Doc. 504)

Denied without prejudice. The nature of the Defendant's business includes charitable and indigent patient care and is admissible as background information. Evidence as to specific acts of charity, however, will not be allowed.

VII. **Treating Physician's Orders and Assessment of Medical Necessity** (Response at Doc. 509).

---

[1] The specific issues raised by Relator were: Relator's continued employment with Halifax; lack of retaliation claim; argument that Relator used her position to create evidence; argument that Relator violated confidentiality agreement by passing documents to her counsel; arguments or evidence that Relator stole documents from Halifax; and raising issue of death of Relator's child at Halifax.

Denied without prejudice. The role of the admitting physician is relevant, especially in the context of Ms. Schmor's cross-examination.

VIII. **Statistical Analysis and Damages Calculation From First Schmor Report and October 2013 Steinley Report**

Denied without prejudice. Provided, however, that if the Defendant raises this issue, Relator will be allowed to introduce evidence of her difficulty/inability to get claims information from Halifax, including evidence of Halifax's destruction of relevant claims files.

**DONE** and **ORDERED** in Chambers, Orlando, Florida on June 19, 2014.

**GREGORY A. PRESNELL**
**UNITED STATES DISTRICT JUDGE**

Copies furnished to:

Counsel of Record
Unrepresented Party